313 P.2d 804

William KALAHER, Plaintiff and Respondent,

v.

Verla Mae BROWN, Defendant and Appellant.

No. 8566.

Supreme Court of Utah.

July 8, 1957.

5. Chap. 104, Laws of Utah 1935.

6. Chap. 105, Laws of Utah 1935 (100-5-12).

The defendant, Mrs. Verla Mae Brown, appeals from a judgment in favor of William Kalaher for $948.24 damages from a collision between their cars. She claims that plaintiff's negligence as a matter of law was a proximate contributing cause of the accident. The trial court, hearing the case without a jury, found that defendant's negligence was the sole proximate cause of the accident. We affirm.

The accident occurred at 6800 South Orchard Drive in Bountiful, between 4:30 and 5:45 p. m. on November 9, 1955, where a street labeled Davis County 200 W., which is referred to in the record as 6800 South, enters Orchard Drive from the north. Orchard Drive runs in a northeasterly direction from Highway 91 on the south along the southeast side of Bountiful, changing its course at various places so that it slopes slightly to the southwest, with higher ground to the northwest and lower ground and the mountains to the southeast. Usually, and particularly at the place of this accident, Orchard Drive goes much farther distance north and south than it does east or west. Directly across Orchard Drive from where the street enters from the north, Hart's Market is located on the southeast side of Orchard Drive. It has a parking lot on the northeast end and room to park cars parallel with Orchard Drive between the sidewalk in front of the Market and the southeast side of such drive.

Sumner J. Hatch, Salt Lake City, for appellant.

Warren M. O'Gara, Salt Lake City, for respondent.

WADE, Justice.

Orchard Drive is a through street and there is a stop sign on the west side of the street which enters from the north about 20 feet north of where the west side of that street intersects with the northwest side of Orchard Drive. Since Orchard Drive travels further south than it does west, the point where the east side of the street entering from the north intersects with the northwest boundary of Orchard Drive is some distance north of the stop sign. Between the east side of the north and southbound highway and the westerly side of Orchard Drive, there is a triangular strip of ground which is covered with a cherry orchard. Both Orchard Drive and the north and south highway have a strip of blacktop hard surface about 22 feet wide down the center, with a 5 foot gravel shoulder on each side and an additional strip about 7 feet wide on each side of the shoulder and between it and the property line.

The map illustrates this situation: Defendant's car is marked No. 1, plaintiff's car marked No. 2, Nos. 3 and 4 are cars parked in front of Hart's Market, which plaintiff's car ran into after the collision. No. 5 is another car which was stopped at the stop sign when defendant started.

The accident occurred after dark and all cars had headlights on, and at that time of year there was no foliage on the trees. Plaintiff was driving toward the southwest on Orchard Drive, and the defendant was driving south into Orchard Drive from the street entering from the north, intending to turn left when she entered that drive and to travel in a northwest direction after entering Orchard Drive. Defendant stopped for the stop sign and waited for other cars to pass which were going toward the northwest on Orchard Drive, and then, without seeing plaintiff's car approaching from the northwest, where he was about 50 feet away, she drove into Orchard Drive in front of him. He testified that he tried to stop his car when he first saw her—about 50 feet away—and to turn it to the east, but that his brakes did not have time to take effect. But his car did turn to the east striking the left front end of her car with right front of his car. Thereupon his car veered to the east into the west side of two cars parked in front of Hart's Market.

■ There is not a word of evidence as to how far from the northwest side of the Orchard Drive pavement defendant stopped her car for the stop sign before entering. The defendant has the burden of proving contributory negligence which proximately caused the accident on the part of the plaintiff. For all that appears in the evidence, defendant's car may have stopped for the stop sign within two feet of the northwest edge of the Orchard Drive pavement, from which point she started and drove her car in front of his oncoming car. A finding to that effect would be rea-

sonable in view of all of the evidence, particularly in view of the fact that the east side of the highway coming into Orchard Drive from the north is farther north than the stop sign.

Had plaintiff observed defendant's car as she started it when making this start two feet off the Orchard Drive pavement before she entered Orchard Drive, there is no showing that he then had time to stop or turn his car in time to avoid the accident. When he did see her car in front of him, he estimated that it was about 50 feet away. If she had only driven two feet after starting, her car would have been from 60 to 70 feet away from his car when she started it into his course. With his car traveling at the rate of 30 miles per hour, in accordance with his testimony, the standard figures would require a reaction period covering 33 feet and a stopping period after the reaction period of 47 feet, which would require 80 feet altogether in which to stop his car after she started into his course. This is 10 to 20 feet more than the distance which he actually did travel under this evidence after she started her car to enter Orchard Drive. Thus it would have been impossible for him to have avoided the collision had he observed her car when she put it in motion and drove into Orchard Drive. And the court could reasonably find as it did that her negligence was the sole proximate cause of the accident. See

Williams v. Zions Co-op. Mercantile Institution, 6 Utah 2d 283, 312 P.2d 564.

Judgment is affirmed with costs to respondent.

McDONOUGH, C. J., and CROCKETT and HENRIOD, JJ., concur.

WORTHEN, J., concurs in the result.