348 P.2d 337

**John S. DAVIS, dba Geneva Lumber Company, Plaintiff and Appellant,**

**v.**

**PAYNE AND DAY, INC., a corporation, Defendant and Respondent.**

No. 9075.

Supreme Court of Utah.

Jan. 19, 1960.

---

Young, Young & Sorensen, Provo, for appellant.

Ballif & Ballif, Provo, for respondent.

WADE, Justice.

Plaintiff appeals from a judgment dismissing his action to recover for materials sold and delivered to defendant Payne and Day, Inc., respondent herein. The trial court sitting without a jury after hearing plaintiff's evidence granted defendant's motion to dismiss on the grounds that plaintiff had failed to show any right to relief. No findings of fact as authorized by Rule 41(b) U.R.C.P. were made, so the question presented is: did plaintiff's evidence when considered in the light most favorable to him show that he was entitled to relief?[1]

Appellant's complaint contained three counts, (1) for goods sold and delivered, (2) for quantum meruit and (3) on an open account. If the evidence introduced at the trial was sufficient to sustain any one of these counts the court erred in dismissing the case.

A careful review of the record in a light most favorable to appellant reveals that the court could reasonably have found as follows:

That appellant and respondent had entered into a series of contracts to furnish building materials for 61 homes which were built by respondent. These contracts were entered into as a result of the activities of Mr. Slavens, the construction superintendent for respondent who contacted appellant and furnished a list of the amount and type of materials upon which appellant was asked to submit bids. The bids for the price of a single unit home which appellant submitted were based on the amounts and kinds of materials contained in these lists. These bids were returned to Mr. Slavens who attached them to written agreements, subsequently executed by respondent and appellant, and which contained the following provisions:

"It is mutually agreed that any additions or deletions in the materials furnished are to be given in writing by Party of the Second Part [respondent]

1. Williams v. Z.C.M.I., 6 Utah 2d 283, 312 P.2d 564.

to the First Party, and the value of the change, based upon prices quoted in the attached lists, shall either be added or subtracted from the original Contract."

In accordance with the provision of the contracts materials in the amounts and kind contained in the lists provided by Slavens to appellant were delivered and paid for. However, during the course of construction of these homes Slavens discovered that more materials than were contained in the lists were needed, that some needed materials were not contained in the lists and in a few instances the units were changed and enlarged, which of course entailed the necessity for more materials than those contained in written contracts. Slavens ordered these materials from appellant and requested him to keep a separate account of these and submit them at the end of the jobs so as to avoid confusion. Appellant filled these orders and it is for the value of these materials for which this suit was brought. No claims are made for any materials furnished under the written contracts.

There was uncontradicted evidence that appellant also had other contracts with respondent to supply the roofing for the houses involved in these proceedings and when a few houses were enlarged in size after these contracts were executed and consequently Slavens ordered more roofing material, no written permission was obtained from respondent for the delivery of such additional roofing materials. Nevertheless, respondent paid for such materials even though the contracts for the roofing also contained a provision about the necessity for written authorization for additional materials.

■ It is a well-established rule of law that parties to a written contract may modify, waive, or make new terms notwithstanding terms in the contract designed to hamper such freedom.[2]

■ Respondent is a corporation. Corporations can only act through agents, be they officers or employees. Mr. Slavens was respondent's construction superintendent. As such he supervised the entire project, from preparation of material lists, negotiation of contracts, construction of the buildings, preparation of lien waivers to delivering payments. He was the man who was in charge of seeing that workmen and materials were supplied when and where needed. Since he was the man through whom the corporate defendant was acting in building the homes in the projects and the one who would know whether extra materials or different materials from those contained in the contracts were needed, he would be the one who would have the ap-

2. Salzner v. Jos. J. Snell Estate Corp., 81 Utah 111, 16 P.2d 923. See also Wilkens v. Wilkerson, Tex.Civ.App., 41 S.W. 178; 12 Am.Jur. Contracts, Sec. 427, and A.L.I. Restatement of the Law of Contracts, Sec. 407.

parent authority to have given the written orders for the corporate defendant for such additional materials or to make any new contracts for materials not contemplated in the written agreements. Since the materials were used in the buildings and inured to the benefit of the corporation, and the materials involved in the instant suit were in excess of and in some instances different than those involved in the package deals for which appellant admits payment, the court erred in dismissing the action. The facts are similar to those in Salzner v. Jos. J. Snell Estate Corp., wherein this court held that requirement in a written agreement that no alteration should be made in the written order of the architect containing the amount to be paid for such alteration did not preclude recovery for alterations made on new plans and specifications not contemplated in the original agreement, although the alterations were on the same building which was the subject of the written agreement, because the parties actually entered into a new agreement and the defendant was therefore liable for the work and materials it received from the plaintiff in that action.

Appellant also contends the court erred in allowing Mr. Slavens to testify that in making up the lists of the amounts and kinds of materials he submitted for bids, and which lists were made part of the written agreements, he allowed a 10% leeway so that in many instances appellant would not be required to deliver the full amount of any particular item stated in the package, and that it was understood this would take care of discrepancies in deliveries of greater amounts of other items delivered. Such testimony might be admissible as tending to prove that no materials in excess of the value called for in the unit prices were delivered even though the items upon which such value was based were changed. However, such evidence can have no value in proving that it was intended that regardless of the values of all materials delivered appellant would only be entitled to the unit price stated in the contracts because it would be a variance of a provision of a written contract and parol evidence is inadmissible to vary the provisions of a written contract unless it contains ambiguities which must be resolved.[3] The provisions in the agreements are clear and unambiguous and need no explanation, and therefore parol evidence to vary its terms is inadmissible. This in no sense conflicts with the rule that the parties to written contracts may modify, waive or make new terms regardless of provisions in the contracts to the contrary because the rule forbidding parol evidence to vary the terms of a written agreement applies only to evidence which is offered to prove the meaning of the original contract.

3. Continental Bank & Trust Co. v. Bybee, 6 Utah 2d 98, 306 P.2d 773.

58

Reversed, with instructions to grant a new trial. Costs to appellant.

CROCKETT, C. J., and McDONOUGH, HENRIOD and CALLISTER, JJ., concur.