CARROLL, DONALD K., Judge.
The plaintiff in an action of conversion has appealed from a partial summary judgment entered by the Circuit Court for Marion County.
The principal question presented for our determination in this appeal is whether the said court erred in holding in that judgment that the plaintiff’s cause of action for converting certain monies exceeding $12,000 in a savings account was barred by the statute of limitations (Section 95.11(5) (c), Florida statutes), F.S.A.
The plaintiff alleges in her complaint, which she filed on January 3, 1968, that on or about “the period of time from the 23rd day of June, 1964, to the 15th day of July, 1966,” the defendants converted to their own use certain personal property, consisting, among other things, of a certain savings account at a certain federal savings and loan association, in the approximate amount of $12,433.61, and other personal property; that the plaintiff has demanded the return of the said property but the defendants have failed and refused to return the said property, and the plaintiff demands judgment, etc.
The plaintiff requested a jury trial, but the defendants filed a motion for summary judgment. Before the court at the hearing on the said motion were the depositions of the defendants and the plaintiff’s affidavit in opposition to the motion. The defendant Kenneth H. Hart testified in his deposition that he had never given the plaintiff, his mother, “any monetary consideration for anything; that‘the plaintiff was ill with cancer and she gave everything to him, but he didn’t tell anybody about this because she asked him not to; that she relied upon him and his wife more than any other persons.”
In her affidavit the plaintiff states that, if she ever signed or endorsed a check representing the said monies over to the defendants, it was not of her own free will and was a result of overreaching and breach of confidential relationships between her and the defendants and/or by undue influence, and she never intended, nor does she now intend, to make a gift of the said items to the defendants, or either of them. She also states that she was unaware of the claim of ownership of the defendants to the said properties “until the period of less than two (2) years prior to the filing of the Complaint of conversion aforesaid.”
Following the hearing on the said motion the court entered the partial summary judgment appealed from, holding:
“1. That the plaintiff’s action against the defendants for converting to their own use the balance of a certain savings account at Ocala Federal Savings & Loan Association in the sum of $12,433.-61, is barred by the applicable statute of limitations, Section 95.11(5) (c), Florida Statutes; which statute was properly invoked by the defendants as an affirmative defense in their answer as to said savings account.”
*395 The court then granted the defendant’s said motion with respect to the said savings account of $12,433.61, and ordered that the plaintiff “take nothing by this suit insofar as that savings account is concerned.”
The statute of limitations invoked by the court in the order appealed from (Sec. 95.-11(5) (c) provides that actions other than those for the recovery of real property can only be commenced within three years when the action is for “taking, detaining or injuring any goods or chattels, including actions for the specific recovery of personal property; * * This provisión constitutes the statute of limitations applicable to thé present cause of action. Sub-division (d) of Sec. 95.11(5), Florida Statutes, F.S.A., may also be applicable here and provides that “An action for relief on the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud; * * * ”
But, even if the said subdivision (d) is inapplicable here on the ground that this is not an “action for relief on the ground of fraud,” the general rule is that, in the absence of a statute on the point, in cases of fraud or fraudulent concealment, the statute of limitations does not begin to run until the aggrieved party knows, or by the exercise of reasonable diligence should have known, of the cause of action. See Halstead v. Florence Citrus Growers’ Ass’n, 104 Fla. 21, 139 So. 132 (1932), Watson v. Jones, 41 Fla. 241, 25 So. 678 (1899), Hinson v. Drummond, 98 Fla. 502, 123 So. 913 (1929), Proctor v. Schomberg, 63 So.2d 68 (Fla.1953), and E. J. Evans Co. v. Ohio State Life Ins. Co., 144 So.2d 833 (Fla.App.1962). See also 54 C.J.S. Limitations of Actions § 206.
The Florida decision which we have found to involve a legal situation most closely analogous to that in the case at bar is the decision of the Supreme Court of Florida in Miami Beach First National Bank v. Edgerly, 121 So.2d 417 (Fla.1960). In that case the plaintiff filed an amended complaint to bring in a bank as a party defendant to recover damages for the bank’s payment of the plaintiff’s check on the bank after the endorsement had been forged. The Florida Supreme Court held that the three-year statute of limitations applied to this cause of action, and that the statute of limitations began to run from the discovery of the forgery by the depositor, unless it could be demonstrated that at an earlier time the depositor would have discovered the forgery, if he had exercised ordinary business care. The circuit court had entered a summary judgment for the bank and the plaintiff appealed to the district court of appeal, which reversed and remanded the cause, and certified its decision to the Florida Supreme Court, which affirmed the district court of appeal’s decision, and held:
“We make clear that neither this Court nor the district court has held that the respondents’ claim against petitioner may not be found to be barred by the applicable statute of limitations. Rather all that has been held is that the statute did not begin to run until the depositors knew, or in the exercise of ordinary business care would have discovered, that the endorsement on the subject check was forged, which is a question of fact to be determined by the trier of fact.”
In the case at bar the jury, not the court in this summary judgment proceeding, was the trier of the fact as to when the statute of limitations began to run, so the circuit court erred in holding as a matter of law that the plaintiff’s cause of action was barred by the statute of limitations. That was a question for the determination of the jury under proper instructions from the court.
Applying the above three-year statute of limitations to the facts in evidence before the court at the hearing on the defendants’ motion for a summary judgment, we cannot see how the court could conclude as a matter of law that the plaintiff’s cause of *396 action accrued before January 3, 1965 (three years prior to the date on which the plaintiff filed her complaint — January 3, 1968); that is, the evidence fails to show as a matter of law that the plaintiff discovered the facts constituting the fraud prior to January 3, 1965.
The key provision of Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., provides that, at the hearing on a party’s motion for a summary judgment, the judgment sought “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Subdivision (d) of the same rule permits the entry of a partial summary judgment when the whole case is not adjudicated.
As we have held many times, under the above-quoted key provision of the rule governing the entry of summary judgments, before such a judgment can be properly entered, two conditions must be complied with: (a) there must be no genuine issue as to any material fact; and (b) the moving party must be entitled to a judgment as a matter of law. See, for instance, Graff Enterprises v. Canal Insurance Co., 213 So.2d 738 (Fla.App.1968). In our opinion, neither of these conditions existed at the hearing on the defendants’ motion for a summary judgment, for there was a genuine issue of material fact as to when the plaintiff’s cause of action accrued, and also the defendants were not entitled to a judgment as a matter of law pursuant to the applicable statute of limitations.
Therefore, the partial summary judgment appealed from herein must be, and it is, reversed, and the cause is remanded for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with directions.
JOHNSON, C. J., and RAWLS, J., concur.