TOM OLESKER'S EXCITING WORLD OF FASHION, INC., Plaintiff-Appellant, *v.* DUN & BRADSTREET, INC., Defendant-Appellee.

(No. 56293;

First District (3rd Division)—December 27, 1973.

*Rehearing denied January 31, 1974.*

710

Foos & Sexner, Ltd., of Chicago, for appellant.

Kirkland & Ellis, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal by the plaintiff, Tom Olesker's Exciting World of Fashion, Inc., from an order dismissing its three count complaint as being barred by Ill. Rev. Stat. 1969, ch. 83, par. 14, which provides that an action for libel, slander or invasion of privacy must be commenced within one year after the cause accrues. The plaintiff contends that a confidential credit report issued by the defendant to its subscribers was not the type of publication which was intended by the legislature to come within the one-year limitation period of that statute, and that the so-called "blameless ignorance doctrine" should have been applied by the trial court to the facts of the instant case. Plaintiff further contends that the trial court also erred in applying this statute to the third count of the complaint which the plaintiff contends alleged the tort of interference with contractual relationships.

We affirm in part and reverse in part.

The plaintiff is an Illinois corporation operating in the retail clothing market. The defendant is a nationwide credit reporting service corporation. The plaintiff was contacted by the defendant's agents in an effort to secure information for a credit report on the plaintiff's business that the defendant wished to compile. The plaintiff refused to provide any information to the defendant. Nevertheless, the plaintiff alleges in his complaint that on January 22, 1969 the defendant, on the basis of its own investigation, published a credit report on the plaintiff. It is further alleged by the plaintiff that this report contained false information about the plaintiff's business in that it grossly underestimated the value of plaintiff's inventory, equipment value, gross sales, and number of employees, and that as a direct result of the report the plaintiff was refused credit on inventory purchases from clothing manufacturers because of the latter's belief that the plaintiff's credit rating was insufficient.

On March 3, 1970 the plaintiff filed a three count complaint charging the defendant with libel, negligence and interference with its business relationships. The defendant moved to strike and dismiss the complaint, alleging that several defects appeared upon the face of the complaint and that any cause of action the plaintiff might have was barred by Ill. Rev. Stat. 1969, ch. 83, par. 14 because more than one year had elapsed from the time the credit report was published. After the plaintiff elected to stand upon its original complaint, the trial court dismissed the action for the reason that it was barred by Ill. Rev. Stat. 1969, ch. 83, par. 14. We proceed to a consideration of the plaintiff's contentions upon appeal.

■■ The applicability of our statute of limitations on libel actions to a confidential credit report issued to a restricted group of subscribers is a question of first impression in this State. Ill. Rev. Stat. 1969, ch. 83, par. 14 requires that actions for libel be commenced not later than one year after the cause accrues. Since the gravaman of the action is not the knowledge of the plaintiff or his hurt feelings but the degradation of his reputation, the cause accrues upon dissemination of the libelous material to a third party. (*Hartmann v. Time, Inc.*, 64 F.Supp. 671 (E. D. Penn. 1946), *mod.* 166 F.2d 127 (3rd Cir. 1948); *Wilson v. Retail Credit Co.*, 438 F.2d 1043 (5th Cir. 1971).) The legislature in enacting this statute made no distinction in the applicability of the limitation period by reason of the method by which a libel may be disseminated to third parties.

■■ Our statutes do make provision for an extension of the statute of limitations in any particular action if such action is fraudulently concealed by a potential plaintiff. (Ill. Rev. Stat. 1969, ch. 83, par. 23.) In the instant case, no fraud has been alleged by the plaintiff. Mere ignorance on the part of a plaintiff as to the facts which give rise to a cause of action is not fraudulent concealment. (*Nogle v. Nogle* (1964), 53 Ill.App.2d 457, 202 N.E.2d 683; *Peacock v. Retail Credit Co.*, 302 F.Supp. 418 (N.D. Ga. 1969), *aff'd* 429 F.2d 31 (5th Cir. 1970).) Moreover, neither the fact that a credit report is issued to a group of subscribers which does not include the plaintiff, nor that such a report might have been disseminated subject to regulations of the defendant to insure its confidentiality, constitute fraudulent concealment. The plaintiff had no right to be informed of the contents of the report, even though it related to the plaintiff's business. *Wilson v. Retail Credit Co., supra; Atwell v. Retail Credit Co.*, 431 F.2d 1008 (4th Cir. 1970).

The plaintiff, urging the injustice of applying our statute of limitations on libel on the facts of the instant case, asks this court to adopt the so-called "blameless ignorance doctrine". Under such a theory, the limitations period on a libel action based upon a credit report would be deemed not to commence until the plaintiff knew, or should have known, of the circumstances giving rise to the cause of action.

Statutes of limitation are creatures of the legislature, and are expressions of public policy through that legislature. (*Simoniz Co. v. J. Emil Anderson & Sons, Inc.* (1967), 81 Ill.App.2d 428, 225 N.E.2d 161.) While the so-called "blameless ignorance doctrine" has been adopted by our legislature in certain medical malpractice cases, no such rule has been adopted in actions for libel. No court has authority to engraft an exception upon a statute of limitations by judicial fiat. (*Simoniz Co. v. J. Emil Anderson & Sons, Inc., supra; Mosby v. Michael Reese Hospital*

(1964), 49 Ill.App.2d 336, 199 N.E.2d 633.) Any change in the statute of limitations in regard to confidentially circulated information similar to that in this case would have to come from the legislature.

■■ We conclude that the plaintiff's cause of action for libel accrued, if at all, at the time the credit report was received by the defendant's subscribers, and that the trial court was correct in dismissing this count of the complaint as being barred by Ill. Rev. Stat. 1969, ch. 83, par. 14 in that the complaint itself specifies the date of publication to be more than one year prior to the date it was filed.

The plaintiff next contends that the trial court erred in applying the one year limitations period in actions for libel, slander or invasion of privacy to the third count of the complaint, which it contends alleged interference with contractual relationships. The order of the trial court dismissing the instant case does not distinguish between the reason for dismissal of the first two counts and Count III, but merely recites that "the complaint and action be and it is hereby dismissed without costs for the reason that the cause of action, if any, is barred by the Illinois Statute of Limitations  *  *  *". A statement by the trial judge included in the record on appeal explaining circumstances surrounding the dismissal indicates that the arguments on the motion to dismiss were directed mainly to the issue of the applicability of the statute of limitations.

In the third count of its complaint, the plaintiff alleged that the defendant, through its inaccurate credit report, intentionally sought to prevent the plaintiff from entering into credit agreements with third parties, and that in the absence of such a report the plaintiff would have entered into credit purchases with third parties because its financial figures were ten times those reported by the defendant. The plaintiff further alleged that the defendant's malicious inducement to third parties not to enter into credit arrangements with the plaintiff caused the plaintiff to suffer damages in the amount of money which a true and prudent report would have permitted it to procure in credit.

■■ Illinois recognizes both actions for interference with contractual relationships and interference with prospective economic advantage. (*Doremus v. Hennessy* (1898), 176 Ill. 608, 52 N.E. 924.) Although the plaintiff titles this action one for interference with business relationships, as it alleges that the defendant maliciously prevented it from entering into further dealings with potential creditors, the plaintiff's third count sounds in interference with prospective economic advantage. The essential allegations in such an action are the plaintiff's reasonable expectancy of entering into a valid business relationship; the defendant's knowledge of this expectancy; an intentional interference by the defendant which prevents the expectancy from ripening into a valid business

relationship; and damage to the plaintiff from such interference. *Calbom v. Knudtzon* (1964), 65 Wash.2d 157, 396 P.2d 148.

■■ The plaintiff's complaint in the instant case attempted to rely on the general principal that one particular set of operative facts may create more than one cause of action. Defamatory statements may in themselves give rise to a cause of action for libel or slander and, at the same time, become the means by which the torts of interference with contractual relationships or prospective economic advantage are committed. In the latter, the means by which the tortious interference is committed does not change the nature of the cause of action. Moreover, the means by which the tortious interference is committed does not subject the action to a limitation period imposed upon the prosecution of an entirely separate and distinct cause of action. (*Boose v. Hanlin*, 346 P.2d 932 (Okl. 1959); *Johnson v. Graye* (1959), 251 N.C. 448, 111 S.E.2d 595.) In the instant case, the trial court erred in applying the limitations period for actions in libel, slander or invasion of privacy to the third count of the complaint, because such a cause of action is subject to the five year limitations provision of Ill. Rev. Stat. 1969, ch. 83, par. 16. *Howard T. Fisher & Associates, Inc., v. Shinner Realty Co.* (1960), 24 Ill.App.2d 216, 164 N.E.2d 266; *Marcus v. National Life Insurance Co.*, 422 F.2d 626 (7th Cir. 1970).)

In view of the fact that the dismissal of this complaint centered primarily around the issue of whether the one year limitations period applied to the first two counts, we find that fairness and equity dictate that the plaintiff be allowed to file an amended complaint to the matter originally alleged in Count III of his complaint.

For these reasons the judgment of the circuit court is affirmed as to Counts I and II and reversed and remanded as to Count III for further proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part and remanded.

McNAMARA and MEJDA, JJ., concur.