■ MORRIS SOSNOW et al., Respondents, v. SAMUEL PAUL et al., Appellants.— In an action against two architects to recover damages for alleged faulty performance of their services, defendants appeal from an order of the Supreme Court, Nassau County, dated August 18, 1972, which denied their motion to dismiss the complaint on the ground of the Statute of Limitations. Order reversed, on the law, with $20 costs and disbursements, motion granted and complaint dismissed. Defendants, licensed architects, were retained by plaintiffs on or about June 19, 1961 to prepare all architectural, mechanical and structural engineering drawings and specifications for the construction of a three-apartment-building development, to be known as "Birchwood Towers", in Forest Hills, Queens, New York City. The buildings were subsequently constructed in accordance with defendants' plans and specifications and were completed on or about April 26, 1965. Alleging two causes of action, the first for negligent performance of services, or professional malpractice, and the second for breach of contract, plaintiffs charged that sometime subsequent to construction they became aware of the fact that the three buildings were beginning to show severe masonry cracking at their exteriors, bulging of large masonry areas at their lintels and cracking of roof parapets. It was claimed that this was directly due to, among other things, defendants' failure to provide for expansion and control joints throughout the buildings to properly control expansion, contraction and creep. It is undisputed that the summons commencing the suit was served on defendants on or about September 30, 1971. Both parties agree that a three-year Statute of Limitations applies to both causes of action, since defendants' alleged malpractice is truly the basis for the cause of action sounding in breach of contract (see *Webber* v. *Herkimer & Mohawk St. R. R. Co.*, 109 N. Y. 311). The parties disagree, however, as to when the causes of action actually accrued. Defendants contend that they accrued no later than the time of completion date of the buildings, April 26, 1965. Plaintiffs contend that the right to sue accrued upon the discovery of the damage to the buildings, which, without statement of specific date, they contend, in their opposing affidavit only, occurred sometime within the three-year period preceding the service of the summons. Special Term, in apparent agreement with plaintiffs, held, in effect, that the discovery rule urged by plaintiffs might be applicable in this case and denied defendants' motion, predicating its decision upon the decisions in *Flanagan* v. *Mount Eden Gen. Hosp.* (24 N Y 2d 427) and *Siegel* v. *Kranis* (29 A D 2d 477). We think that Special Term erred both in its holding and in its reliance upon the cited cases. The rule in cases where the gravaman of the suit is professional malpractice is now and has always been that the cause of action accrues upon the performance of the work by the professional (*Gilbert Props.* v. *Millstein*, 40 A D 2d 100, 102; *Seger* v. *Cornwell*, 44 Misc 2d 994). This rule was relied on by defendants in their brief on this appeal and was amply substantiated by them with viable case law. Plaintiffs have failed to cite a single applicable case abrogating that rule. We have found none. The cases cited by Special Term also supply no authority for its ruling. The *Flanagan* case permits an exception to the cited rule *only* in medical malpractice cases where the malfeasance charged is leaving a foreign object in the patient's body. In *Schiffman* v. *Hospital for Joint Diseases* (36 A D 2d 31) we made it clear that it was the opinion of this court that *Flanagan* should be limited to such

cases. In *Siegel* we applied to a lawyer-client relationship the continued treatment doctrine theretofore introduced in *Borgia* v. *City of New York* (12 N Y 2d 151) as to a doctor-patient relationship and held that a cause of action for malpractice against an attorney commences upon the termination of the lawyer-client relationship. Assuming that the malpractice complained of at bar was perpetrated prior to the completion of plaintiffs' buildings, the rule enunciated in *Siegel* would at best cause the Statute of Limitations to have been tolled until the date of completion of construction and the termination of the parties' professional relationship. Since the suit was commenced more than three years after that date, the *Siegel* case does not aid plaintiffs. (See, also, *Gilbert Props.* v. *Millstein*, 33 N Y 2d 857.) Shapiro, Acting P. J., Christ and Brennan, JJ., concur; Benjamin and Munder, JJ., dissent and vote to affirm, with the following memorandum: In our view, the cause of action for malpractice accrued and the Statute of Limitations began to run when the damage or injury to the buildings occurred. That precise date is a question of fact which should be resolved at a trial. As stated in *Schmidt* v. *Merchants Despatch Trans. Co.* (270 N. Y. 287, 300): "It is only the *injury* to person or property arising from negligence which constitutes an invasion of a personal right, protected by law, and, therefore, an actionable wrong. * * * Through lack of care a person may set in motion forces which touch the person or property of another only after a long interval of time * * * and then only through new, fortuitous conditions. There can be no doubt that a cause of action accrues only when the forces wrongfully put in motion produce injury." And so in the instant case, plaintiffs had a right to rely upon defendants' expertise at the time the buildings were completed. If defendants failed to exercise care, i.e., failed to provide for and control expansion, contraction and creep, and this, combined with time and weather conditions, eventually produced the cracked masonry and roof parapets, it was only when the latter occurred that the action accrued (see *Murphy* v. *St. Charles Hosp.*, 35 A D 2d 64, 67).