**William GETZ**

**v.**

**Police Officer Gary BRUCH, Easton Police Department, Easton, Pennsylvania.**

**Civ. A. No. 75–195.**

United States District Court,
E. D. Pennsylvania.

Aug. 18, 1975.

William Getz, pro se, University of Pa. Indigent Prisoners Litigation Program.

LaBrum & Doak, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

On February 6, 1975, William Getz, *pro se* plaintiff, filed this action against Gary Bruch, a police officer with the Easton, Pennsylvania, Police Department, charging that the defendant, acting under color of law, violated his civil rights under 42 U.S.C. §§ 1983 and 1985 and the Fourteenth Amendment. He seeks an award of damages.

The complaint alleges that on November 4, 1972, during an investigation of charges of receiving stolen liquor, Bruch illegally arrested Getz and subjected him to physical abuse. Getz was charged with aggravated assault and battery and obstructing a police officer in the line of duty. Unable to raise bail of $5,000, Getz was committed to Northampton County Prison on November 14, 1972. On February 27, 1973, he was tried be-

fore a jury and found not guilty of obstructing a police officer in the line of duty. In "June or July, 1973" the aggravated assault and battery charges were dismissed because Getz had been invalidly arrested.

■ Defendant has filed a motion to dismiss under Rule 12(b), F.R.Civ.P., on the grounds that the claim is barred by the statute of limitations. Since this is a *pro se* claim, it must be viewed liberally, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and a motion to dismiss may not be granted unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U. S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The motion to dismiss must nevertheless be granted.

## DISCUSSION

■■ There is no federal statute of limitations applicable to the Civil Rights Act, therefore the courts must apply the limitation "which the state where federal court is sitting would apply if the action had been brought in a court of that state," to redress the wrongs arising from the complained of conduct. *Polite v. Diehl*, 507 F.2d 119, 122 (3d Cir. 1974); *Henig v. Odorioso*, 385 F.2d 491

(3d Cir. 1967), *cert. denied*, 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968), reh. denied, 391 U.S. 929, 88 S. Ct. 1814, 20 L.Ed.2d 671 (1968). In this case the conduct alleged is assault and battery (police brutality), false arrest, and false imprisonment. Under Pennsylvania law, the statute of limitations applicable to all actions for personal injury (including false imprisonment) is two years, 12 P.S. § 34,[1] *Polite v. Diehl, supra*, at 123, but where an allegedly false arrest precedes a false imprisonment, the statute of limitations for both is one year, 12 P.S. § 51,[2] *Henig v. Odorioso*, supra, at 493, n. 5.[3]

All of the illegal conduct alleged by Getz took place in November 1972. The complaint was not filed until February 1975 and the action therefore would be barred under the one-year limitation period of 12 P.S. § 51 for the false arrest and false imprisonment charges, and under the two year limitation of 12 P.S. § 34 for the assault and battery charges, unless those periods are tolled or are inapplicable for any reason.

■ Plaintiff advances three arguments in an effort to get around the bar of the state limitations periods: (1) that the federal policy underlying the Civil Rights Acts[4] requires that state statutes of limitations periods be tolled during incarceration,[5] otherwise the

1. Title 12 P.S. § 34 provides in pertinent part:
   "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards . . .."

2. Title 12 P.S. § 51 provides in pertinent part:
   "Every suit to recover damages for malicious prosecution or false arrest . . . must be brought within one year from the date of the accruing of such right of action, and not thereafter . . .."

3. The Third Circuit in *Henig v. Odorioso*, supra, at 493, n. 5, stated:
   "In Pennsylvania, 12 P.S. § 51, . . . is applied to actions for false imprisonment where a false arrest preceded the incarceration. The rationale behind applying this Statute to such situations is that the false arrest is viewed as being the source of the tort. . . . Prior to enactment of this Statute, 12 P.S. § 34 . . . was applied to all false imprisonment causes. . . . Presumably this statute still applies to false imprisonment actions where no arrest occurred." (Footnote and citations omitted.) Accord, *Hileman v. Knable*, 391 F.2d 596 (3d Cir. 1968); *Gagliardi v. Lynn*, 446 Pa. 144, 285 A.2d 109 (1971).

4. See *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

5. Getz cites 12 P.S. § 35 to show a similar policy of the Pennsylvania Legislature. Title 12 P.S. § 35 (§ 5 of the Act of 1713) provides in pertinent part:
   "If any person or persons, who is or shall be entitled to any such . . . actions for

wrongdoer would be encouraged to keep his victim incarcerated to prevent him from asserting his constitutional rights; (2) that the limitations period relating to the false arrest and false imprisonment charges did not start to run until he became aware of the illegality of his arrest; and (3) that false imprisonment is a continuing trespass which gives rise to a new cause of action each day the imprisonment continues.

### 1. Policy Underlying Civil Rights Acts as Requiring Tolling

█ Although the failure of Congress to enact a general federal statute of limitations reflects an intent to have state limitations periods apply, *Conard v. Stitzel*, 225 F.Supp. 244, 246 (E.D.Pa. 1963), the federal courts may nevertheless fashion their own limitations periods whenever a state statute of limitations threatens a federal program's need for uniformity, *United Auto Workers v. Hoosier-Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *Atkins v. Schmutz Mfg. Co.*, 435 F.2d 527 (4th Cir. 1970), or discriminates against or overly burdens a federal cause of action, *Van Horne v. Lukhard*, 392 F.Supp. 384, 391 (E.D.Va.1975).

██ This case presents no special circumstances which would require bypassing the state statute of limitations. The Civil Rights Acts are not a "closely interwoven statutory scheme" needing the uniformity of a federal statute of limitations. *Conard v. Stitzel, supra*, at 249. Title 12 P.S. §§ 34 and 51 do not discriminate against the assertion of federal rights, since they apply equally to state and federal causes of action, and the policy underlying the Civil Rights Acts is not overly burdened by allowing the statute of limitations to run while a potential plaintiff is in custody. As this Circuit stated in a similar case, *Jones v. Bombeck*, 375 F.2d 737, 739 (3d Cir. 1967), "We can discern no reason why the statute [of limitations] should be tolled because the appellant was incarcerated."

### 2. Tolling of Statute Until Discovery of the Injury

██ Getz' second argument is that part of his cause of action is based upon the illegality of his arrest, and he was not aware of that illegality until it was judicially declared in June or July 1975 when the assault and battery charges against him were dismissed because of the invalid arrest. He contends, therefore, that the statute of limitations should not begin to run until the date of his discovery that his rights had been violated, i. e. until the date of his discovery of the "legal injury." In support of that argument, Getz cites *Janigan v. Taylor*, 344 F.2d 781 (1st Cir. 1965); *Moviecolor Ltd. v. Eastman Kodak Co.*, 288 F.2d 80 (2d Cir. 1961); *Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959); *Smith v. Bell Tele. Co. of Pennsylvania*, 397 Pa. 134, 153 A.2d 477 (1959). Those cases are clearly distinguishable. In each instance, by some action on the part of the alleged wrong-

---

trespass, for assault, menace, battery, wounding or imprisonment . . . be, or at the time of any cause of such action given or accrued, fallen or come, shall be, within the age of twenty-one years, femme covert, non compos mentis, imprisoned, or beyond sea, that then such person or persons shall be at liberty to bring the same actions, so as they take the same within such times as are hereby before limited, after their coming to or being of full age, discoverture, or sound memory, at large, or returning into this province, as other persons."

But, as this Court in *Conard v. Stitzel*, infra, at 247–8 stated:

"[O]nce it is determined that the case falls within the Act of 1895 [12 P.S. § 34] it follows that the tolling provision of § 5 of the Act of 1713 (12 P.S. § 35), which tolls the operation of the statute of limitations in favor of persons under certain disabilities, including imprisonment, does not apply." (Footnote and citations omitted.)

doer, the operative facts giving rise to the cause of action had been concealed from the innocent victim. In the instant case, on the other hand, all of the operative facts, i. e. Bruch's actions in arresting and beating Getz, and Getz' innocence, were known to Getz. He was aware of all of the operative facts of his injury; he was only unaware that as a result of those operative facts he had a "legal cause of action." The rule in Pennsylvania in that regard is stated in *McEnery v. Metropolitan Life Ins. Co.,* 50 D.&C. 395, 399 (1944) "The mere fact that a plaintiff does not know that he has a cause of action and consequently delays longer than the period permitted by the statute of limitations to file his suit does not defer the running of the statute of limitations." See also *Walters v. Ditzler,* 424 Pa. 445, 227 A.2d 833 (1967); *In re Ridgway's Account,* 206 Pa. 587, 56 A. 25 (1903); *Penn-Delco Union School Dist. Authority v. M. & L. Constr. Co.,* 60 D.&C.2d 226, 60 Del. Co. 136 (1972).

### 3. *Continuing Cause of Action*

Getz' final contention is that the statute of limitations does not bar his claim for false imprisonment because it is a continuing trespass which gives rise to a new cause of action for each day of incarceration. He has cited *Cohen v. Lit Bros.,* 166 Pa.Super. 206, 70 A.2d 419 (1950) and Prosser's *Law of Torts,* § 13 (1971), but neither affords support for his contention. *Cohen* makes no mention of "continuing trespass" and both *Cohen* and Prosser were discussing false imprisonment *not* preceded by false arrest. Since the false imprisonment here was preceded by false arrest, it clearly falls within the one-year limitation period of 12 P.S. § 51 and, even if the limitations period did not begin to run until the last day of incarceration,[6] this claim would, nevertheless, be barred.

The motion to dismiss will be granted.

6. At the latest, November 14, 1973, since, according to the allegations of the complaint,

Getz charges that he was imprisoned for one year as a result of Bruch's actions.