<hr />

## (October 14, 1975)

■ GEORGE ANGELASTRO, Appellant, v JACK G. SCHWARTZ, Respondent, et al., Defendants.—In an action in which a money judgment in favor of plaintiff was entered in the Civil Court of the City of New York, Kings County, on March 5, 1974, plaintiff appeals (by permission) from an order of the Appellate Term, Second and Eleventh Judicial Districts, dated January 15, 1975, which reversed said judgment and dismissed the complaint. Order affirmed, without costs, upon the opinion of the Appellate Term. Hopkins, Acting P. J., Martuscello, Margett, Christ and Munder, JJ., concur.

■ BETTY ANGLIN, Respondent, v SIDNEY SCHMUCKLER, Appellant, et al., Defendants.—In an action against attorneys to recover damages for malpractice, defendant Sidney Schmuckler appeals from an order of the Supreme Court, Kings County, dated April 10, 1975, which denied his motion to dismiss the complaint on the ground of the Statute of Limitations. Order reversed, with $20 costs and disbursements, motion granted and complaint dismissed as against appellant (see *Gilbert Props. v Millstein,* 33 NY2d 857; *Sosnow v Paul,* 43 AD2d 978, affd 36 NY2d 780; *Siegel v Kranis,* 29 AD2d 477). Rabin, Acting P. J., Cohalan, Margett, Brennan and Shapiro, JJ., concur.

■ MICHAEL ANTONELLI, Appellant, v MAJESTIC THEATER, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered September 26, 1973, in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiff's case at a jury trial. Judgment affirmed, with costs. Plaintiff failed to establish a prima facie case. The fact that the assailant was in the same place a half hour after defendant's employee was advised of the first encounter is not proof, by itself, that the latter had failed to act properly after being so advised. Hopkins, Acting P. J., Martuscello, Margett, Christ and Munder, JJ., concur.