Robert MYERS and Jackie Myers, his wife, Plaintiffs and Appellants,

v.

Reggie McDONALD, Defendant and Respondent.

No. 17046.

Supreme Court of Utah.

Aug. 11, 1981.

Anthony M. Thurber, Salt Lake City, for plaintiffs and appellants.

Nelson L. Hayes, Salt Lake City, for defendant and respondent.

OAKS, Justice:

The issue on this appeal is the application of our two-year statute of limitations for a wrongful death action, U.C.A., 1953, § 78–12–28, to a case where the plaintiffs were unaware of the fact and circumstances of their decedent's death until after the statutory period. The district court dismissed the complaint as barred by the statute of limitations. We reverse.

Viewed in the light most favorable to the plaintiffs, the facts are as follows.[1] Plaintiffs, husband and wife, were guardians of 14-year-old Bobbie Menzies, the wife's brother. When Bobbie failed to return home after leaving with some friends, plaintiffs reported his disappearance to the police. Because he was a minor, the police department listed him as a runaway rather than as a missing person, which would have resulted in an automatic check of the local morgue.

During the year following Bobbie's disappearance, plaintiffs made "at least several dozen" contacts with the police in futile attempts to determine Bobbie's whereabouts. Plaintiffs also read newspaper articles concerning a Nov. 22, 1976, automobile accident in Salt Lake County in which a car went out of control and collided with a large tree. That accident resulted in the death of a mysterious passenger, who was identified by the driver of the vehicle only as "Joey." Because that victim was described as being 5 feet 8 inches tall, brown haired, and in his "early twenties," whereas Bobbie was 6 feet 2 inches tall, blonde, and 14 years of age, plaintiffs did not identify Bobbie as the victim at that time.

In July, 1979, a police detective contacted plaintiffs as part of a routine follow-up. In response to plaintiffs' queries, he told them that the mysterious accident victim had not yet been identified. Plaintiffs subsequently went to the morgue and identified the accident victim as their ward, Bobbie. On October 29, 1979, almost three years after the fatal accident, but only three months after their identification of the body of their ward, plaintiffs brought this wrongful death action against defendant, driver of the accident vehicle, alleging intoxication and/or willful misconduct.

Though this action was admittedly brought over two years after Bobbie Menzies' death, plaintiffs argue that it should not be barred by the statute of limitations, since they had no knowledge of the death of their ward within that period. They argue (1) that the cause of action should not accrue until plaintiffs discovered the death—the so-called "discovery rule"—or (2) that defendant should be precluded from relying on the statute because his erroneous reporting of the decedent's name as "Joey" misled plaintiffs and prevented them from insti-

---

1. In determining the correctness of a judgment of dismissal, we view the facts in the light most favorable to the plaintiff. *Davis v. Payne and Day, Inc.*, 10 Utah 2d 53, 348 P.2d 337 (1960); *Williams v. Z.C.M.I.*, 6 Utah 2d 283, 312 P.2d 564 (1957). Under that rule, we need not resolve the puzzling inconsistencies in this record. Thus, plaintiffs' affidavit shows the date of their ward's disappearance as Dec. 22, 1977, which is over a year after the date of death alleged in the complaint. Whether this inconsistency and others appearing in the record are evidence of factual inconsistencies or merely typographical errors is a matter that will be determined on remand.

tuting their action in timely fashion.[2] We reverse on the first ground; the second ground may be an issue on remand.

The governing policy in this area, as declared by the United States Supreme Court, is that statutes of limitations "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). In furtherance of that policy, the general rule is that a cause of action accrues upon the happening of the last event necessary to complete the cause of action.[3] Under that rule, mere ignorance of the existence of a cause of action does not prevent the running of the statute of limitations.[4]

There are a number of exceptions to this general rule. In some enumerated areas of the law, our Legislature has adopted the discovery rule by statute so that the limitations period does not begin to run until the discovery of facts forming the basis for the cause of action.[5] In other circumstances, where the statute of limitations would normally apply, this Court has held that proof of concealment or misleading by the defendant precludes the defendant from relying on the statute of limitations.[6] This is plaintiffs' second theory in this case. Finally, without regard to proof of wrongdoing on the part of the defendant, the courts of some states have adopted the discovery rule by judicial action as to exceptional circumstances or causes of action where the application of the general rule would be irrational or unjust.[7] Those precedents point the way toward what we deem to be the appropriate decision in this case.

Here, it is alleged that despite their efforts to discover his whereabouts plaintiffs had no knowledge of their ward's

**2.** This case does not involve the kind of disability where the legislature has provided for a tolling of the statute of limitations. U.C.A., 1953, §§ 78–12–21, 78–12–36 (minority, insanity, imprisonment); § 78–12–35 (absence from state); § 78–12–39 (war). Some of these statutes have been applied to wrongful death actions. *Switzer v. Reynolds*, Utah, 606 P.2d 244 (1980); *Seeley v. Cowley*, 12 Utah 2d 252, 365 P.2d 63 (1961); *Platz v. International Smelting Co.*, 61 Utah 342, 213 P. 187 (1922).

**3.** *Getz v. Bruch*, 400 F.Supp. 1033 (E.D.Pa. 1975) (illegal arrest); *Knudson v. Weeks*, 394 F.Supp. 963 (W.D.Okl.1975) (surveyor's and home builder's negligence); *Brown v. Chicago, Rock Island & Pacific R.R.*, 212 F.Supp. 832 (W.D.Mo.1963) (libel); *Jackson v. American Credit Bureau, Inc.*, 23 Ariz.App. 199, 531 P.2d 932 (1975) (conversion); *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 16 Ill.App.3d 709, 306 N.E.2d 549 (1973) (libel); *Murphy v. Country House, Inc.*, 307 Minn. 344, 240 N.W.2d 507 (1976) (inadequate consideration for stock transfer); *Bowling v. S.S. Kresge Co.*, Mo., 431 S.W.2d 191 (1968) (unauthorized stock transfer); *Davis v. State*, 84 Misc.2d 597, 377 N.Y.S.2d 385 (N.Y.Ct.Cl. 1975), rev'd on other grounds, 54 A.D.2d 126, 388 N.Y.S.2d 143 (1976) (damages for wrongful release of confidential information); *Sosnow v. Paul*, 43 A.D.2d 978, 352 N.Y.S.2d 502 (1974), aff'd 36 N.Y.2d 780, 369 N.Y.S.2d 693, 330 N.E.2d 643 (1975) (architect's malpractice); *Shipp v. O'Dowd*, 454 S.W.2d 845 (Tex.Civ. App.1970) (breach of contract); *Denzer v.*

*Rouse*, 48 Wis.2d 528, 180 N.W.2d 521 (1970) (legal malpractice).

**4.** *Baker v. Beech Aircraft Corp.*, 39 Cal.App.3d 315, 114 Cal.Rptr. 171 (1974) (wrongful death); *Peteler v. Robison*, 81 Utah 535, 17 P.2d 244 (1932) (medical malpractice prior to passage of § 78–14–4).

**5.** U.C.A., 1953, § 78–12–19 (recovery of any estate sold by an executor or administrator); § 78–12–26(1) (waste or trespass by underground works on a mining claim); § 78–12–26(2) (loss of branded livestock); § 78–12–26(3) (fraud); § 78–12–27 (actions against corporate stockholders or directors); § 78–14–4 (health care malpractice), interpreted in *Foil v. Ballinger*, Utah, 601 P.2d 144 (1979).

**6.** E.g., *Vincent v. Salt Lake County*, Utah, 583 P.2d 105 (1978); *Rice v. Granite School District*, 23 Utah 2d 22, 456 P.2d 159 (1969).

**7.** *Hart v. Hart*, Fla.App., 234 So.2d 393 (1970) (conversion); *Mumford v. Staton, Whaley & Price*, 254 Md. 697, 255 A.2d 359 (1969) (legal malpractice); *Thompson v. Equitable Life Assurance Soc. of U.S.*, 447 Pa. 271, 290 A.2d 422 (1972) (recovery on insurance policy); *Med-Mar, Inc. v. Dilworth*, 214 Pa.Super. 402, 257 A.2d 910 (1969) (architect's malpractice); *Family Savings and Loan, Inc. v. Cicarello*, 157 W.Va. 983, 207 S.E.2d 157 (1974) (legal malpractice). Compare cases cited in note 3.

death and therefore no knowledge that a cause of action existed until after the two-year limitations period had expired. The closest precedent for that circumstance is apparently *Praznik v. Sport Aero, Inc.*, 42 Ill.App.3d 330, 355 N.E.2d 686 (1976). In that case, plaintiff's decedents did not return from a long flight in a small private airplane. The wreckage of the plane, in which all occupants perished, was not discovered until about two years and eight months after their disappearance. The applicable limitation would have barred any action if the statutory period commenced at the time of death. However, the Illinois court held that the action was timely because the cause of action did not accrue until the wreckage was discovered and the plaintiff received knowledge of the deaths. This application of the discovery rule was apparently based on a balancing test. The hardship the statute of limitations would impose on the plaintiff in the circumstances of that case outweighed any prejudice to the defendant from difficulties of proof caused by the passage of time.

In this case, the policy against stale claims is also outweighed by the unique circumstances of plaintiffs' hardship. Defendant cannot establish that he was prejudiced by having to defend a stale claim since his problems of proof occasioned by the delay are no greater than the plaintiffs'. In contrast, plaintiffs could not file an action for damages or even initiate investigative efforts to determine the cause of a death of which they had no knowledge.[8] Plaintiffs therefore had no alternative other than to bring their action after the statutory limitation period had expired. If plaintiffs are denied the opportunity of proceeding with that action, the law would be in the untenable position of having created a remedy for plaintiffs and then barring them from exercising it before they had any practical opportunity to do so.

According to the facts alleged by the plaintiffs, this is an appropriate circumstance to apply the exceptional "discovery rule." *Praznik v. Sport Aero, Inc., supra.* If plaintiffs are unable to prove their allegations of due diligence at trial, this action would still be barred by the statute of limitations unless plaintiffs can prevail by proof of their alternate theory of concealment or misleading by defendant. All we hold here is that it was improper for the trial court to dismiss plaintiffs' action on the pleadings on the basis of the statute of limitations.

The judgment of the district court is therefore reversed, and the cause is remanded for proceedings not inconsistent with this opinion. Costs to appellant.

STEWART, J., and THORNLEY K. SWAN, District Judge, concur.

HOWE, Justice (concurring):

I concur. We have two alternatives in dealing with the problem here presented. The first alternative is to closely adhere to the statute which in its wording makes no allowance for the unusual circumstance of the death not being discovered until after the period of limitations had run. The second alternative is to carve out an exception to the statutory language and allow the plaintiffs to pursue their claim, where through no fault of their own the fact of death could not have been discovered earlier.

This Court in *Gallegos v. Midvale City*, 27 Utah 2d 27, 492 P.2d 1335 (1972), was faced with a somewhat similar problem where a two-year old child was injured due to an alleged defect of a city street. Section 10–7–77, U.C.A. 1953, provided that a claim against a city for injury caused by a defective street must be presented within 30 days. The parents of the child did not present the claim to the city until seven months later. We upheld the dismissal of the lawsuit because the claim had not been timely filed. We followed an earlier decision of this Court, *Hurley v. Bingham*, 63 Utah 589, 228 P. 213 (1924), and refused to make an exception to the statute even though the child was under legal disability.

---

8. This is not a case where the fact of death was known but the cause of the fatal accident was not. E.g., *Walker v. Beech Aircraft Corp.*, Fla. App., 320 So.2d 418 (1975).

We announced that if there was any change to be made to the statute it should be done by a clear expression of 'the Legislature. We followed that rule in *Varoz v. Sevey*, 29 Utah 2d 158, 506 P.2d 435 (1973), involving a minor's claim under our tort claims act, § 63–30–13, U.C.A. 1953.

There is merit to the position of refusing to make an exception to the plain wording of a statute which makes no allowance for the legal disability of a child, or in this case, for learning of the death after the statute of limitations had run. We should be careful not to encroach upon legislative prerogative. However, there may well be a denial of constitutional rights in foreclosing persons from access to the court under these unusual circumstances. Besides the constitutional guarantees of due process and equal protection of the law, our Utah Constitution, Article I, Section 11, provides that "All courts shall be open, and every person, for an injury done to him in his person . . . shall have remedy by due course of law, which shall be administered without denial. . . ."

Because of these constitutional protections, I think this Court is required to take the position followed by the majority opinion and judicially create an exception to the statute which has failed to recognize this unique fact situation. To refer the problem to the Legislature as we did in *Gallegos v. Midvale City*, supra, would be to deny these plaintiffs their constitutional rights. We recognized that denial in *Scott v. School Board*, Utah, 568 P.2d 746 (1977), and impliedly overruled *Gallegos v. Midvale City*, supra, and *Varoz v. Sevey*, supra.

HALL, C. J., having disqualified himself, does not participate herein; SWAN, District Judge, sat.