(April 21, 1983)

■ Jewish Guild for the Blind, Respondent, v Gabriel E. Senor, P. C., et al., Appellants. Jewish Guild for the Blind, Respondent, v Gabriel E. Senor, P. C., et al., Appellants and Third-Party Plaintiffs; Hydraulic Plumbing & Heating Corp. et al., Third-Party Defendants. — Order of the Supreme Court, New York County (Schwartz, J.), entered on March 29, 1982, which granted the plaintiff's motion for partial summary judgment as to liability and directed that a trial be had as to the amount of damages sustained by the plaintiff is unanimously reversed, on the law, and the complaint dismissed. Judgment of the Supreme Court, New York County (Englehart, J.), entered on November 24, 1982, awarding plaintiff damages in the sum of $35,504.81 is unanimously reversed, on the law, and the judgment vacated, without costs. In 1974, the Jewish Guild for the Blind proposed to construct a new facility on a parcel of real property owned by it in Yonkers, New York. On May 28, 1974, it retained the defendant Gabriel E. Senor, a licensed land surveyor to provide a boundary and easements survey and a topographical survey of the Yonkers property. The individual defendant Gabriel Senor is the president and principal of the corporate defendant Gabriel E. Senor, P. C., Inc. The survey was

initially furnished to the plaintiff on or about June 26, 1974, but was subsequently revised, the last revision bearing date March 13, 1975. It was certified to "JGB Nursing Home Corporation", "The Title Guarantee Company", "New York State Department of Health", and "New York State Medical Care Facilities Finance Agency". A legend on the survey recited that "this survey is accurate and based on field study". The survey was signed by the individual defendant, Gabriel E. Senor. The survey contained a notation that the storm drain on the property was 15 inches in diameter. However, in April of 1978, the plumbing subcontractor on the job informed the general contractor that this storm drain was really only 12 inches. It appears that the design of the drainage system for the new facility was based, in part, on the data contained on the survey that the storm drain was 15 inches in diameter. Thus when the error was discovered, plaintiff contends it became necessary to modify the design and provide for the installation of a new storm drain. The instant action was commenced on March 19, 1981, by the service of a summons and complaint, alleging three causes of action: (1) breach of contract; (2) a claim for the negligent discharge of duty; and (3) professional malpractice. In addition to generally denying the allegations of the complaint, the defendants asserted four affirmative defenses: (1) lack of personal jurisdiction; (2) failure to state a cause of action; (3) that the first cause of action for breach of contract was barred by the six-year Statute of Limitations; and (4) that the two causes of action alleging negligent discharge of duty and professional malpractice were barred by the three-year Statute of Limitations. Plaintiff thereafter moved for summary judgment on the issue of liability and that motion was granted. The court rejected the defendants' argument that they only certified boundary and easement lines on the survey and not the size of the pipes and that the data regarding those underground pipes noted on the survey were for informational purposes only. The court implicitly found that the defendants had failed to accurately determine the true dimensions of the storm drain. While various issues are presented on this appeal, that which we find to be dispositive is the determination as to when the plaintiff's claim arose, and thus whether or not plaintiff's claims were time barred. Plaintiff, relying on the decision of the Court of Appeals in *Sears, Roebuck & Co. v Enco Assoc.* (43 NY2d 389), argues that its action is not time barred, because the appropriate Statute of Limitations to be applied is the six-year statute and that since the cause of action did not accrue until the completion of the project in 1979, the action was timely commenced. The defendants contend on the other hand that the plaintiff's claim essentially is for negligence and malpractice and is covered by CPLR 214 (subd 6), which requires that an action to recover damages for malpractice (other than medical malpractice) be commenced within three years from the date of the occurrence, i.e., the date of the injury, which, they say, in this case would be June 26, 1974, the date of the certification of the survey. Thus they argue that the action was time barred when commenced in March of 1981. In *Video Corp. of Amer. v Flatto Assoc.* (85 AD2d 448, 453), we cited, with approval, the rule enunciated in *Sosnow v Paul* (43 AD2d 978, affd 36 NY2d 780), that " '[t]he rule in cases where the gravamen of the suit is professional malpractice is now, and has always been that the cause of action accrues upon the performance of the work by the professional' ". The Court of Appeals has now made clear, as contended by Justice Sandler in his dissent in *Video Corp.* (*supra,* pp 457-462) that a six-year Statute of Limitations is to be applied in "an action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action" (*Video Corp. of Amer. v Flatto Assoc.,* 58 NY2d 1026, 1028). In the case at bar however, viewing the plaintiff's cause of

action as one arising in contract and thus subject to the six-year Statute of Limitations rather than as one arising in negligence and thus subject to the three-year Statute of Limitations is irrelevant, since the action was not timely commenced in any event. The last revision of the survey furnished by the defendant was dated on March 13, 1975, and this action was not commenced until March 19, 1981, six years and six days from that date. Thus, applying the six-year period of limitations to this action to recover for damages to property or pecuniary interest, the cause of action nevertheless would be time barred. Plaintiff's attempt, again in reliance on *Sears,* to establish the date of the accrual of the cause of action as 1979 when construction of the new facility was completed, is rejected. This case is distinguishable in that respect from *Sears.* There the architect had a continuing relationship with the construction project, in that it also supervised the construction of the ramps. Here, it does not appear that these defendants had any contractual or other responsibility in respect to the plaintiff's facility beyond the date on which they furnished the certified survey and its last revision. Thus the general rule in respect to the accrual of a malpractice claim against a professional should apply and the effective date of the accrual of the plaintiff's cause of action here is March 31, 1975. Since we are dismissing the complaint as time barred, we do not reach the issues raised regarding the sufficiency of the proof of damages. Concur — Murphy, P. J., Sandler, Ross, Kassal and Alexander, JJ.