OPINION OF THE COURT
Edward J. Greenfield, J.
Plaintiffs’ motion to reargue is granted and upon reargument the court decides as follows:
Plaintiffs, financial service companies, provided financing to L.B. Smith, Inc. of Virginia (Smith), a seller and lessor of heavy construction equipment. As part of a request for increased financing, Smith submitted a copy of its consolidated financial statement, prepared by the defendant accounting firm, Arthur Andersen & Co. The financial statement was dated March 21, 1978, reflecting the financial status of Smith as of December 31, 1976, and December 31, 1977 (the 1977 report), and was received by Smith on September 28, 1978. Plaintiffs allege that reliance on this report induced further extensions of credit to Smith. Plaintiffs also allege that a further audited financial statement was requested of Smith as a condition to continued credit extensions. Complying, Smith submitted a certified financial statement for 1979 (dated June 1, 1979) (the 1979 report) which was also prepared by the *1046 defendant accounting firm. Plaintiffs allege that, relying on the 1979 report, they continued to finance Smith. In October, 1980, however, Smith declared bankruptcy and defaulted on the sums advanced by the plaintiffs.
Plaintiffs brought suit against Andersen alleging negligence and fraud in the preparation of Smith’s financial statements. Andersen moved to dismiss plaintiffs’ first cause of action sounding in negligence on the grounds that the complaint failed to state a cause of action and that the negligence action was barred by the Statute of Limitations. Andersen also moved to dismiss plaintiffs’ second cause of action sounding in fraud, for failure to plead with sufficient detail (CPLR 3016, subd [b]). In its prior decision, this court held that plaintiffs did make out a cause of action in negligence since, although defendant did not owe a duty of care to the general public (see Ultramares Corp. v Touche, 255 NY 170, 181), plaintiffs were in the limited class of financiers whose reliance on defendant’s financial reports was foreseeable. Plaintiffs were thus owed a duty of care by Andersen. (See White v Guarente, 43 NY2d 356, 362.) Nevertheless, the action was held to be barred by the three-year Statute of Limitations because the injury to plaintiffs was held to have accrued when the defendant’s work was completed — March 21, 1978. Plaintiffs commenced this lawsuit on August 4, 1981, more than three years later, and, therefore, the first cause of action was held to be time barred. Plaintiffs’ second cause of action alleging fraud was determined to be valid and defendant’s motion to dismiss was denied.
Plaintiffs contend upon this motion that since their action was for negligence, the accrual of the three-year Statute of Limitations is from the date of injury rather than from the date of completion of the work which would be the appropriate standard in malpractice actions.
Alternatively, plaintiffs allege that the defendant’s 1979 report was a separate act of negligence and should be used as a separate predicate for Statute of Limitations purposes.
It is unnecessary to consider the merits of plaintiffs’ arguments concerning the 1979 report since this court is persuaded that the Statute of Limitations for an accountant’s negligence, upon which a limited and determinable group rely, should begin to run from the date of injury.
*1047 Although an action for an accountant’s malpractice is governed by CPLR 214 (subd 6) and runs from the time of the completion of the accountant’s work (Sosnow v Paul, 43 AD2d 978, affd 36 NY2d 780), an action brought by an individual or group of individuals, not in privity with the accountant but whose reliance on the accountant’s work was foreseeable and within the accountant’s contemplation (Palsgraf v Long Is. R.R. Co., 248 NY 339), is essentially an action for negligence (White v Guarente, 43 NY2d 356, 361-363, supra). Such an action should be governed, therefore, by a three-year Statute of Limitations running from the date of injury. (See Cubito v Kreisberg, 69 AD2d 738, 744, affd 51 NY2d 900.)
The question that remains, however, is whether in a negligence action such as this, the date of injury is to be considered coterminous with the date of completion.
In White v Guarente (43 NY2d 356, supra), a limited partner brought suit against the general partners and alleged a single cause of action, the gravamen of which is for professional malpractice, against Arthur Andersen & Co. asserting negligent execution of professional services in preparation of the financial audit of the partnership. The Court of Appeals sustained the cause of action against the accountants holding that the plaintiff was a member of a limited and determinable class to whom the defendant owed a duty of care (43 NY2d, at p 361; see, also, Glanzer v Shepard, 233 NY 236). Although the Statute of Limitations was not at issue in White, the court stated that a negligent statement made by an accountant upon which others would be expected to rely “may be the basis for recovery of damages * * * but such information is not actionable unless expressed directly, with knowledge or notice that it will be acted upon, to one * * * whom the author is bound by some relation of duty, arising out of contract or otherwise, to act with care if he acts at all” (43 NY2d, at pp 362-363). In the present action, defendant’s alleged negligence would not be actionable, under the reasoning in White, until the financial statement was expressed directly to plaintiffs, i.e., the date the 1977 report was received by the plaintiffs, September 28, 1978. Plaintiffs’ complaint, interposed on August 4,1981, is thus *1048 within the three-year Statute of Limitations for negligence actions. Whether it was reasonable for plaintiffs to rely on a financial statement already nine months old when received is a question of fact not before this court on this motion.
Cubito v Kreisberg (69 AD2d 738, affd 51 NY2d 900, supra) also supports this reasoning. In Cubito, a tenant in an apartment house brought suit against the architect of the building for personal injuries suffered as a result of the architect’s alleged negligence in the planning and design of the laundry room. The architect, raising the defense of the three-year Statute of Limitations set forth in CPLR 214 (subd 6), claimed that the plaintiff’s action was time barred since the defendant had completed work on the building more than four years prior to the commencement of suit by plaintiff. The Appellate Division reasoned, however, that the plaintiff’s suit was not a malpractice action because no professional relationship existed between the parties (69 AD2d, at p 742). The court stated, nevertheless, that the plaintiff possessed a valid cause of action because “the wrongful conduct of the professional in rendering services to his client resulting in injury to a party outside the relationship is simple negligence” (p 742). The court held that the Statute of Limitations did not begin to run from the date of completion of the architect’s work, but rather from the date “when the invasion of * * * plaintiff’s * * * rights occurred”, i.e., the date of injury (69 AD2d, at p 744).
By parity of reasoning, the date plaintiffs’ rights were violated in the present action occurred when the plaintiffs received the 1977 report and allegedly relied upon it to their detriment. To hold otherwise would be tantamount to a finding that they were injured before actually seeing the 1977 report.
The recent case, Jewish Guild for Blind v Gabriel E. Senor, P. C. (93 AD2d 764), does not require a different result. In that case, the court found that plaintiff’s action for breach of contract, malpractice and negligence was essentially a breach of contract action in which the six-year Statute of Limitations would apply. “[A]n action for failure to exercise due care in the performance of a contract *1049 insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action is governed by the six-year contract Statute of Limitations (CPLR 213, subd 2).” (Video Corp. of Amer. v Flatto Assoc., 58 NY2d 1026,1028; see, also, Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389; Steiner v Wenning, 43 NY2d 831; Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669.) The underlying reason behind this policy is that “[a]ll obligations * * * whether verbalized as in tort for professional malpractice or as in contract for nonperformance of [a] particular provision * * * of the contract, arose out of the contractual relationship of the parties”. (Sears, Roebuck & Co. v Eneo Assoc., 43 NY2d, at p 396.)
In the case at bar, however, there is no contract between plaintiffs and defendant. Thus, in Jewish Guild for Blind (supra), while the court discussed the causes of action in terms of the contract Statute of Limitations, it noted because of the contractual relationship between the parties that the date on which defendant, a licensed land surveyor, completed and certified his report and delivered it to the plaintiff was the date of injury.
The rule to be gleaned from these cases, then, is that where there is contractual privity, injury whether defined as malpractice or as negligence is coterminous with completion.
In this case, since there is no contractual privity, injury occurs not when the report which is the object of the contract is completed, but, rather, when it is delivered to plaintiff.
Defendant has requested that reargument be granted in its favor in the event plaintiffs’ motion for reargument is granted. Although the defendant has not filed a formal cross motion, its request for reargument will be treated as though such a motion had been made. No prejudice to plaintiffs will result inasmuch as they have fully answered in their reply memorandum the grounds upon which the defendant bases its request for reargument.
Andersen contends plaintiffs’ complaint should be dismissed in its entirety, i.e., the claims based on negligence *1050 and fraud. Concerning plaintiffs’ negligence action, defendant claims that Dworman v Lee (56 NY2d 816), is controlling. Defendant argues that Dworman stands for the proposition that absent privity, there can be no action for negligence against an accountant. In Dworman, the plaintiffs’ complaint alleging negligence was dismissed on the ground that an accountant owes no duty of care to members of the general public (83 AD2d 507, affd 56 NY2d 816). Dworman is inapposite here since the plaintiffs in the present action are not simply members of the general public. Rather, they belong to a limited and determinable class whose reliance on defendant’s financial statement was foreseeable. Plaintiffs, therefore, state a valid cause of action in negligence and privity presents no bar to their action (see White v Guarente, 43 NY2d 356; supra).
Defendant also relies on Dworman (supra) for the assertion that plaintiffs’ complaint pleads mere “conclusory allegations of fraud” (see 83 AD2d, at p 507). Defendant contends such conclusory statements cannot transform a negligence action into one alleging fraud. As this court has already held, plaintiffs have stated a valid cause of action in fraud since they have (1) made sufficient allegations of defendant’s reckless conduct to satisfy the scienter requirement (see State St. Trust Co. v Ernst, 278 NY 104,112) and (2) have pleaded sufficient details of defendant’s alleged fraud to give defendant adequate notice of the substance of the claim. Plaintiffs’ complaint, therefore, did not suffer from the defects that were fatal to the fraud claim in Dworman.
For these reasons, defendant’s request for reargument is denied.