**LASER INDUSTRIES, LTD., a foreign corporation, Plaintiff,**

v.

**EDER INSTRUMENT COMPANY, INC., a corporation; Paul Hensler, individually and d/b/a J.J. & M., Defendants.**

No. 83 C 3764.

United States District Court,
N.D. Illinois, E.D.

Oct. 28, 1983.

Hogan, McNulty & Meyer, Chicago, Ill., for plaintiff.

Ralph M. Bernstein, Sheryl E. Fuhr, Chicago, Ill., for defendant Eder.

Joel Widman, Andrew Annes, Kozlicki, Widman & Schenk, Chicago, Ill., for defendant Hensler.

## MEMORANDUM OPINION AND ORDER

BUA, District Judge.

Plaintiff Laser Industries, Ltd. (Laser) filed a three-count complaint against Eder Instrument Co., Inc. (Eder) and Paul Hensler, individually and d/b/a J.J. & M. (Hensler), alleging misappropriation of trade secrets, unfair competition, conspiracy and interference with a business and contractual relationship. Jurisdiction is based on 28 U.S.C. § 1332(a), diversity of citizenship. Pursuant to Fed.R.Civ.P. 12(b)(6), Eder has moved for dismissal of Counts I and II and Hensler has moved for dismissal of Counts II and III for failure to state a claim upon which relief can be granted. For the reasons stated herein, the motions of Eder and Hensler as to Counts I and II are treated as motions for summary judgment.[1] Hen-

---

1. Under Fed.R.Civ.P. 12(b), a motion to dismiss for failure to state a claim upon which relief can be granted may be treated as a motion for summary judgment upon presentation to the court of matters outside the pleadings. All parties shall be given reasonable opportunity to present all materials pertinent to a motion for summary judgment.

The motions of Eder and Hensler were accompanied by affidavits and memoranda presenting material outside the pleading. In addition, Laser filed affidavits and a memorandum in opposition to the motions. Laser discussed the treatment of the motions as motions for summary judgment in its memorandum, to which both Hensler and Eder replied. This

sler's motion for dismissal of Count II and Eder's motion for dismissal of Count I are denied. Count III is dismissed for failure to state a claim upon which relief can be granted.

Laser is an Israeli corporation engaged in the development, manufacture and sale of medical equipment utilizing laser beam technology. Prior to October, 1980, Laser began developing a laser beam compatible bronchoscope and laparoscope. A bronchoscope and a laparoscope (the scopes) are medical instruments consisting of a tube which allow physicians and surgeons to view and perform limited surgery on various internal parts of the human body without an extensive surgical incision. Laser beam compatible scopes facilitate the delivery of laser beams to internal body parts during procedures utilizing the scopes.

Laser also designed and manufactured an optical coupler to be used as an accessory to laser beam compatible scopes. The optical coupler enhances the accuracy and safety of viewing and the delivery of laser beams. Laser contends that the design of the optical coupler is highly secret and is the result of a substantial investment of time and money by Laser.

In approximately October, 1980, Laser contacted Eder, a manufacturer and distributer of laparoscopes. Laser and Eder agreed the latter would produce and assemble laser compatible scopes for Laser. Advanced Surgical Technologies, Inc. (ASTI), a wholly owned subsidiary of Laser, conducted business activities with Eder on behalf of Laser. Hensler, an employee of ASTI until his resignation in approximately August, 1982, conducted and supervised, for Laser, the manufacture of laser beam compatible scopes by Eder.

During 1982, Laser and Eder engaged in negotiations to formalize an agreement wherein Eder would manufacture laser

Court finds that all parties have had the opportunity to present pertinent material to the Court. Therefore, the motions of Eder and Hensler shall be treated as motions for summary judgment and evaluated according to Fed.R.Civ.P. 56.

beam compatible scopes on an exclusive basis for Laser. However, the negotiations were terminated by Eder prior to reaching an agreement. Since January, 1983, Eder has been manufacturing and selling laser beam compatible scopes to customers other than Laser.

In its complaint, Laser contends that the laser beam compatible scopes manufactured by Eder were to be based upon the design and specifications of Laser. Laser contends that the design of the optical coupler was disclosed to Eder for strictly manufacturing purposes and that Eder was aware of the confidential nature of the optical coupler design. Laser also contends that Hensler obtained confidential information about the optical coupler during the course of his employment with ASTI. Allegations pertaining to Hensler's and Eder's wrongful use of the optical coupler design are the basis of the three counts in Laser's complaint. The individual counts of the complaint will be dealt with seriatim.

### Count I

Count I is brought solely against Eder. Laser alleges that the design of the optical coupler is a trade secret and that the design was disclosed to Eder in confidence, solely for manufacturing purposes. Laser further alleges that following Eder's termination of negotiations regarding an exclusive supply agreement, Eder competed with Laser by manufacturing and selling laser beam compatible scopes equipped with an optical coupler supplied by Hensler. Laser contends that the optical coupler supplied to Eder by Hensler is based upon confidential information obtained by Hensler during the course of his employment with ASTI.

The crux of Laser's allegations in Count I is that Eder misappropriated trade se-

Summary judgment is granted under Fed.R. Civ.P. 56 if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law based upon the pleadings and affidavits. The motions of Eder and Hensler will be decided according to this standard.

crets and that by using the trade secrets to compete with Laser, Eder is guilty of unfair competition. The memoranda of Laser and Eder discuss whether a trade secret exists and whether Eder's conduct constitutes unfair competition. Basically, the resolution of the motion for summary judgment regarding Count I depends on a determination of whether the optical coupler design is a trade secret and whether the information was disclosed to Eder in confidence.

A trade secret is defined as "a plan or process, tool, mechanism or compound known only to its owner and those of his employees to whom it is necessary to confide it." *Schulenburg v. Signatrol, Inc.*, 33 Ill.2d 379, 385, 212 N.E.2d 865 (1966). The courts consider numerous factors when determining whether a trade secret exists. *Bimba Mfg. Co. v. Starz Cylinder Co.*, 119 Ill.App.2d 251, 256 N.E.2d 357 (1st Dist.1969); Restatement of Torts, § 757, Comment (b) (1939). Among these are the extent to which the trade secret information is known outside of the business, security measures taken by the owner, the value of the trade secret information to the owner and to his competitor, and the amount of effort or money expended in developing the trade secret information. A trade secret must be a secret in fact. *Bimba*, 119 Ill.App.2d at 264, 256 N.E.2d 357. The determination of whether information is a trade secret is an issue of fact, depending on the intent of the owner, treatment of the information and the remaining factors listed above. *Bryan v. Kershaw*, 151 U.S.P.Q. 148 (1966); Callman, Unfair Competition, Trademarks and Monopolies, § 14.11 (4th Ed.).

Eder, as the party moving for summary judgment, has "the burden of clearly establishing the nonexistence of any genuine issue of fact that is material to a judgment" in its favor. *Cedillo v. International Association of Bridge and Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 10 (7th Cir.1979). The Court must resolve all doubts as to the existence of material facts against the moving party.

*Moutoux v. Gulling Auto Electric*, 295 F.2d 573, 576 (7th Cir.1961).

In its affidavit, Eder contends that the design of the optical coupler is a matter of general knowledge because the device was exhibited at medical and trade meetings and because drawings were published in medical journals. Eder also asserts that it never received confidential information from Laser. However, in its affidavits and pleadings, Laser asserts that the design information was secret, maintaining that no drawings or articles specifically describing the optical coupler were published or available to the public.

Eder has failed to establish the nonexistence of a genuine issue of material fact. The optical coupler is a complex technical device. Eder has provided general drawings and descriptions of the optical coupler published in medical journals in an attempt to show that the design was not secret but well known to the public. Eder also asserts in its affidavit that any information about the optical coupler was the result of its own investigation. However, the exhibits and affidavit are insufficient to show that no issue of fact exists. The assertions in Eder's affidavit do not address the confidential nature of the optical coupler or lack of security procedures used by Laser to protect the coupler's secrecy. Eder does not sufficiently overcome Laser's claims that the optical coupler was available to physicians only on an experimental basis and that the design was confidential, as indicated by warnings on the design drawings. Clearly, a question of fact remains, thus justifying denial of the motion for summary judgment.

Eder also asserts in its memorandum that Count I is defective because Laser's claim for unfair competition does not allege the necessary element of palming off. Eder contends that passing off or palming off constitutes the whole law of unfair competition in Illinois and must be alleged by Laser. Passing off or palming off refers to the conduct of selling goods as the goods of another or doing business as the business of another such that the public is

misled by the conduct and believes it is purchasing the goods of another or doing business with someone other than the actual seller.

■ Eder's assertions are not legally correct. Palming off is not a necessary requirement of a claim for unfair competition in Illinois. *Independent Nail and Packing Co. v. Stronghold Screw Products, Inc.*, 205 F.2d 921, 926 (7th Cir.1953). Misuse of confidential information alone can constitute unfair competition in Illinois. *Goldberg v. Medtronic, Inc.*, 686 F.2d 1219, 1227 (7th Cir.1982). Laser's claim for unfair competition can be based on its allegation that Eder received and misused confidential information. An issue of fact as to whether Eder received confidential information exists here as well, again justifying denial of the motion for summary judgment.

## Count II

Count II is brought solely against Hensler. Laser alleges that Hensler was aware of the confidential nature of the optical coupler design and that Hensler had access to the confidential information while employed by ASTI. Laser also alleges that Hensler conspired with Eder, agreeing to sell optical couplers to Eder based upon the confidential design information. Laser alleges that Hensler's misappropriation of the confidential information was pursuant to a conspiracy and constituted unfair competition.

The focus of Laser's allegations in Count II is that Hensler, by misappropriating trade secrets, is guilty of unfair competition. The allegations against Hensler in Count II are similar to those against Eder contained in Count I.

By way of affidavit, Hensler asserts that the optical coupler was distributed for use by physicians without any restrictions upon disclosure of use or design. Like Eder, Hensler contends that the optical coupler was exhibited at a trade show, that the design of the optical coupler was discussed in a medical journal and therefore, that the optical coupler's design is not a trade se-

cret. However, Hensler does not address the security procedures utilized by Laser, but merely concludes that the design of the optical coupler was well known to the public. In opposition, Laser provides the affidavit of Robert Ossoff, M.D., in which he states that he participated in a limited evaluation of the optical coupler for Laser, and that the coupler was not generally available to physicians for study. Laser's affidavits assert that the optical coupler design is a trade secret. Hensler has not sufficiently shown that it is not.

■ Hensler, the party moving for summary judgment, has not established the nonexistence of a genuine issue of material fact. Since the confidentiality of the design of the optical coupler remains in question, a genuine issue of material fact exists. Therefore, Hensler's motion for summary judgment on Count II is denied.

## Count III

Count III is brought against both Eder and Hensler. Laser asserts that Eder arranged to purchase from Hensler optical couplers similar to those made by Laser. This arrangement enabled Eder to manufacture and sell laser beam compatible scopes in competition with Laser. Laser contends that while Eder engaged in negotiations with Laser regarding an exclusive supply agreement, Eder intended to eventually terminate the negotiations and compete with Laser. Laser contends that, due to the delay resulting from the time spent in negotiations with Eder, and Hensler's sale of comparable optical couplers to Eder, it has had to find an alternative source of supply of the laser beam compatible scopes at great expense and has lost numerous sales. Count III asserts a claim against Eder and Hensler for interference with contractual relationship and interference with prospective business advantage. The allegations in Count III against Eder and Hensler shall be analyzed separately, beginning with those against Hensler and followed by those against Eder.

■ The elements of the tort of interference with contractual relations in Illinois are 1) the existence of a valid and enforceable contract between the plaintiff and another; 2) the defendant's awareness of this contractual relation; 3) the defendant's intentional and unjustified inducement of a breach of the contract; 4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and 5) damages. *Belden Corp. v. Internorth, Inc.*, 90 Ill. App.3d 547, 551, 45 Ill.Dec. 765, 413 N.E.2d 98 (1980). While a party cannot be liable for inducing the breach of his own contract, he can be sued for conspiracy with a third person who has induced him to breach his contract. *Blivas and Page, Inc. v. Klein*, 5 Ill.App.3d 280, 282 N.E.2d 210 (1972).

■ The elements of the tort of interference with prospective economic advantage in Illinois are 1) plaintiff's reasonable expectancy of entering into a valid business relationship; 2) the defendant's knowledge of the expectancy; 3) an intentional interference by the defendant which prevents the expectancy from ripening into a valid business relationship; and 4) damage to the plaintiff from such interference. *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 16 Ill.App.3d 709, 713–14, 306 N.E.2d 549 (1974).

■ The allegations against Hensler state that Hensler appropriated Laser's confidential optical coupler design while he was employed by Laser's subsidiary, ASTI. Laser also alleges that Hensler agreed to sell to Eder optical couplers similar to those made by Laser. Laser's final contention is that Hensler's actions, along with those of Eder, caused a delay in the marketing of laser beam compatible scopes by Laser, forced Laser to seek an alternative source for supply of laser beam compatible scopes, at great expense, and caused Laser to lose sales.

Laser's allegations against Hensler do not state a claim for interference with prospective business advantage. Laser's allegations establish the existence of the first element of this tort, Laser's reasonable expectancy of entering into a business relationship with Eder. This is established by Laser's allegations that negotiations regarding an exclusive supply agreement were conducted by Laser and Eder.

However, Laser fails to establish the second and third elements of the tort, that Hensler knew of Laser's expectancy and that Hensler intentionally interfered to prevent the expectancy from becoming a valid business relationship. Count III contains no allegations that Hensler knew about the exclusive supply negotiations, nor are there any allegations that Hensler's purpose or intent, when he agreed to sell optical couplers to Eder, was to prevent the negotiations from resulting in an exclusive supply agreement between Eder and Laser. Because of these deficiencies, Count III fails to state a claim against Hensler for interference with prospective business advantage.

Likewise, Count III fails to state a claim against Hensler for interference with contractual relations. Laser's allegations establish the first two elements of this tort, the existence of a valid contract between Laser and Eder and that Hensler was aware of the contract. These elements are established by Laser's contentions that Eder was manufacturing laser beam compatible scopes for Laser and that Hensler supervised Eder's activities while Hensler was employed by ASTI.

However, Laser fails to establish the third and fourth elements of the tort, that Hensler intentionally induced Eder to breach its contract with Laser and that Eder breached its contract with Laser as a result of Hensler's conduct. There are no allegations indicating that when Hensler agreed to sell optical couplers to Hensler his purpose was to induce Eder to stop manufacturing laser beam compatible scopes for Laser. Also, Laser makes no allegations that Eder terminated its contract with Laser as a result of Hensler's conduct. Thus, Count III fails to state a claim against Hensler for interference with contractual relations.

Laser contends that Eder assisted Laser in the development of laser beam compatible scopes and that during this relationship, Eder learned of the laser beam compatible scope's design and its potential market value. Laser contends that Eder arranged to buy optical couplers from Hensler, enabling Eder to manufacture laser beam compatible scopes. Laser further contends that Eder negotiated with Laser regarding an exclusive supply agreement with the intent of terminating the negotiations without an agreement and interfering with Laser's business expectancy of marketing the laser beam compatible scopes. Laser contends that Eder did terminate the negotiations and since that termination, has manufactured and sold laser beam compatible scopes. Finally, Laser contends that Eder's and Hensler's actions have caused a delay in Laser's marketing of laser beam compatible scopes, has caused Laser to lose sales and has caused Laser to seek an alternative supply of laser beam compatible scopes, at great expense.

Laser's allegations fail to state a claim against Eder for interference with contractual relations and interference with prospective business advantage. Eder is a party to the contract which is the subject of the tort of interference with contractual relations. Eder is also a party to the prospective business relationship which is the subject of the tort of interference with prospective business advantage.

Both torts require action toward a third party which results in interference with the contract or the prospective relationship. *See, Belden Corp.* and *Blivas and Page, Inc., supra.* A party cannot be held liable for inducing the breach of his own contract or for interfering with his own prospective business relationship. *See, Blivas and Page, Inc.,* 5 Ill.App.3d at 286, 282 N.E.2d 210. Thus, Eder cannot be liable for interference with contractual relations or interference with prospective business advantage as alleged by Laser.

While Eder could be liable for conspiracy with a third person who has induced him to breach his contract or interfere with his prospective business relationship, *see, Blivas and Page, Inc.,* 5 Ill.App.3d at 286, 282 N.E.2d 210, Count III contains no allegations regarding a conspiracy between Eder and Hensler or between Eder and any third person. Thus, Count III fails to state a claim against Eder for interference with contractual relations and interference with prospective business advantage.

### Conclusion

For the reasons stated herein, summary judgment is denied as to Counts I and II. Count III is dismissed for failure to state a claim upon which relief can be based.

IT IS SO ORDERED.