UNITED STATES COURT OF APPEALS
**Filed 8/26/96**
FOR THE TENTH CIRCUIT

JOSEPH R. BRUNETTI and
FLORENCE BRUNETTI,

      Plaintiffs,

v.

THE REGENCY AFFILIATES, a
Nevada nonprofit organization;
REGENCY GROUP, INC., a Nevada
corporation; SUN TREE
CORPORATION, d/b/a Clearbrook
Apartment Village; 9TH & 9TH
MARKET & CAFE, a Utah
corporation; R.G. UTAH, INC., a Utah
corporation; 2ND AVENUE MARKET
& CAFE, a Utah corporation; WHOLE
EARTH ENTERPRISES, a Utah
corporation, d/b/a The John Henry-
Mackay Company; NEW FRONTIERS
NATURAL FOODS I, a Nevada
corporation; NEW FRONTIERS
NATURAL FOODS II, a Nevada
corporation; NEW FRONTIERS
NATURAL FOODS III, a Nevada
corporation; A.J. MACKAY & SONS,
a Utah corporation; NORTHERN
NEVADA CONSTRUCTION, INC., a
Nevada corporation; THREE J
ENTERPRISES, a Utah corporation;
ASBESTOS TRANSPORT SYSTEMS,
a Nevada corporation;
LUMBERLAND, INC., a Utah
corporation; PORTER-
KNOLLWOOD ESTATES, a Utah

No.  95-4160
(D.C. No. 90-CV-200-W)
(D. Utah)
(152 B.R. 320)

corporation; NATURAL ABILITIES, INC., a Utah corporation; GENESIS I BUILDERS, a California nonprofit organization; BUILDERS CONSTRUCTION COMPANY, INC., a Nevada corporation; NORMAN PAULSEN; JOHN H. MCCAUGHEY; JONATHAN KING; JOSEPH BELTON; and DAVID EDDY,

        Defendants-Third-Party Plaintiffs,

v.

JONES, WALDO, HOLBROOK & MCDONOUGH, a Utah professional corporation,

        Third-Party Defendant,

_____

FLYING S LAND & CATTLE CO., a Nevada corporation; REGENCY GROUP, INC., a Nevada corporation; THE REGENCY AFFILIATES, a Nevada nonprofit organization; BUILDERS LAND & CONSTRUCTION COMPANY; a Nevada corporation; OASIS ENERGY CORPORATION, a Nevada corporation; INTERNATIONAL RESERVE INVESTMENTS & CONSTRUCTION COMPANY, a Hawaii corporation; and GENESIS I

BUILDERS, a California nonprofit organization,

    Plaintiffs-Appellants,

v.

JONES, WALDO, HOLBROOK & MCDONOUGH, a Utah professional corporation,

    Defendant-Appellee.

----------------------------------------

JONES, WALDO, HOLBROOK & MCDONOUGH, a Utah professional corporation,

    Counterclaimant-Appellee,

v.

FLYING S LAND & CATTLE CO., a Nevada corporation; REGENCY GROUP, INC., a Nevada corporation; THE REGENCY AFFILIATES, a Nevada nonprofit organization; BUILDERS LAND & CONSTRUCTION COMPANY; a Nevada corporation; OASIS ENERGY CORPORATION, a Nevada corporation; and GENESIS I BUILDERS, a California nonprofit organization,

    Counterclaim-Defendants-Appellants,

and

NORTHERN HOLDINGS UTAH, INC., a Nevada corporation; BUILDERS CONSTRUCTION COMPANY, INC., a Nevada corporation; PORTER-KNOLLWOOD ESTATES, a Utah corporation; SUN TREE CORPORATION, d/b/a Clearbrook Apartment Village; NEW FRONTIERS NATURAL FOODS I, a Nevada corporation; NEW FRONTIERS NATURAL FOODS II, a Nevada corporation; NEW FRONTIERS NATURAL FOODS III, a Nevada corporation; NEW FRONTIERS NATURAL FOODS IV, a Nevada corporation; NEW FRONTIERS NATURAL FOODS V, a Nevada corporation; NORTHERN NEVADA CONSTRUCTION, INC., a Nevada corporation; WASTE CONTROL MANAGEMENT NEVADA, INC., a Nevada corporation; PATRICIA DECATALDO; NORMAN PAULSEN; JOSEPH BELTON; and JONATHAN KING,

Counterclaim-Defendants.

ORDER AND JUDGMENT[*]

Before TACHA, ALDISERT,[**] and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Appellants Flying S Land & Cattle Co., Regency Group, Builders Land & Construction Co., Oasis Energy Corp., The Regency Affiliates, Genesis I Builders, and International Reserve Investments & Construction Co. (collectively referred to as Flying S) appeal the district court's entry of summary judgment against them on their legal malpractice claims against the law firm of Jones,

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

Waldo, Holbrook & McDonough.[1] The district court determined that appellants'

malpractice claims, which were filed on March 1, 1991, were barred by Utah's

four-year statute of limitations. See Utah Code Ann. § 78-12-25. This case

requires us to determine when appellants' malpractice claims accrued and the

statute of limitations began to run. We review both the district court's grant of

summary judgment and its interpretation of Utah law de novo. See Wolf v.

Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995)(summary

judgment); Salve Regina College v. Russell, 499 U.S. 225, 231 (1991)(state law).

The general rule in Utah is that a cause of action accrues, and the statute of

limitations begins to run, "upon the happening of the last event necessary to

complete the cause of action." Myers v. McDonald, 635 P.2d 84, 86 (Utah 1981).

Under this general "occurrence" rule, "mere ignorance of the existence of a cause

of action does not prevent the running of the statute of limitations." Id. In some

instances, however, the Utah courts will apply a "discovery" rule, rather than the

occurrence rule. Under the discovery rule, the limitations period does not begin

to run "until the discovery of facts forming the basis for the cause of action." Id.

The Utah courts have applied the discovery rule in three types of situations: 1)

---

[1] The district court disposed of appellants' claims in two summary judgment orders, the first of which disposed of all but two of appellants' claims and the second of which disposed of the remaining claims. The district court published its first order, Brunetti v. Regency Affiliates, 152 B.R. 320 (D. Utah 1993), but it did not publish the second order.

when the legislature has incorporated the discovery rule into the particular statute of limitations; 2) when the defendant has concealed the facts from the plaintiff or misled the plaintiff as to the true facts; and 3) when application of the general rule to the particular circumstances or the particular cause of action would produce an irrational or unjust result, even in the absence of any wrongdoing by the defendant.  E.g., id.; Warren v. Provo City Corp., 838 P.2d 1125, 1129 (Utah 1992).

In Merkley v. Beaslin, 778 P.2d 16, 19 (Utah Ct. App. 1989), the court held that the discovery rule should apply to causes of action for legal malpractice. The court determined that fundamental fairness required application of the discovery rule to malpractice claims "because the attorney-client relationship is based upon trust, and is a situation in which one less knowledgeable must rely on another, who has special expertise, for advice and assistance."  Id.  The court further noted that much of an attorney's work is done outside the view of the client, and that "[t]he nature of the attorney-client relationship is such that, often, attorney negligence would not be discovered until years after the act had occurred."  Id.  Therefore, rather than apply the general occurrence rule, the court held that "a cause of action for legal malpractice accrues, and the four-year statute of limitations commences to run, when the act complained of is discovered or, in the exercise of reasonable care, should have been discovered."  Id.

Here, Flying S retained the Jones, Waldo firm in late 1983 or early 1984 to assist it in removing a lien from the Big Springs Ranch, which Flying S purchased from Robert Beaumont in 1981. When these efforts proved unsuccessful, Jones, Waldo recommended that Flying S file for reorganization in bankruptcy under Chapter 11. Jones, Waldo filed the bankruptcy petition on behalf of Flying S on May 24, 1984, and represented Flying S in the ensuing bankruptcy proceedings until March 26, 1986, when the firm withdrew. Flying S contends that Jones, Waldo committed various acts of malpractice during the course of this representation.

At the time the bankruptcy petition was filed, Flying S owed Jones, Waldo approximately $100,000 in attorney fees. In an effort to obtain payment of pre- and post-petition fees, Jones, Waldo allegedly entered into various agreements whereby it obtained security interests in property of Flying S and its affiliates. In the summer of 1985, an associate at Jones, Waldo also structured several loans to Flying S from other clients of the firm that contained terms and conditions unfavorable to Flying S. The proceeds of these loans were paid to Jones, Waldo for legal fees. Appellants contend that Jones, Waldo did not reveal to the bankruptcy court that the firm had an interest in property of Flying S and its affiliates, which property was necessary for the reorganization. Nor, according to

appellants, did Jones, Waldo seek bankruptcy court approval to act as counsel for Flying S.

Flying S also contends that Jones, Waldo delayed the reorganization effort by filing unrealistic reorganization plans and by failing to pursue other reorganization efforts, which would have conflicted with Jones, Waldo's own interests. Further, appellants allege that Jones, Waldo charged excessive fees and that it abandoned Flying S in the bankruptcy proceedings by abruptly withdrawing in March 1986.

Finally, Flying S alleges that Jones, Waldo was negligent in handling a fraud claim against Beaumont. First, Jones, Waldo allegedly refused to bring a claim against Beaumont despite repeated requests from Flying S to do so. Appellants contend that once Jones, Waldo finally did draft a complaint against Beaumont in August 1985, it was frivolous. Finally, Jones, Waldo allegedly represented to Flying S that the fraud claim had merit and could be used as a tool in negotiating with Beaumont when, in fact, Jones, Waldo believed the claim to be without merit.

The district court concluded that the undisputed facts established that Flying S knew or should have known of each of the alleged acts of negligence more than four years before it commenced suit against Jones, Waldo on March 1,

1991.[2] Appellants do not challenge the district court's conclusions concerning the dates of their knowledge. Appellants' sole challenge on appeal is to the district court's conclusion that, pursuant to Merkley, "the statutory period for attorney malpractice begins to run on the date a plaintiff discovers, or reasonably should discover, the act complained of, <u>regardless of the existence of an actionable injury</u>." <u>Brunetti v. Regency Affiliates</u>, 152 B.R. 320, 323 (D. Utah 1993)(emphasis added). Appellants argue that the decision in <u>Merkley</u> constitutes "an unexplainable departure" from the line of Utah Supreme Court cases applying the discovery rule, and that both the district court's interpretation of the <u>Merkley</u> decision and its reliance on the decision are in error. Br. of Appellants at 18.

Among other things, appellants contend that <u>Merkley</u>'s accrual rule for legal malpractice claims fails to take into account situations in which the client learns of the attorney's negligent act or omission before the act or omission has caused any actionable injury. We need not consider how the <u>Merkley</u> rule might apply in such a situation, however, because the record here reflects that appellants had suffered actionable injury by the time they either discovered, or should have

---

[2]     As to the allegation that Jones, Waldo misrepresented to Flying S the merits and usefulness of the fraud claim against Beaumont, the district court concluded that, because Flying S hired new counsel to pursue the claim in October 1986, which resulted in some success, no reasonable jury could find appellants suffered any injury as a result of Jones, Waldo's alleged misrepresentation. Appellants do not challenge this determination on appeal.

discovered, their counsel's alleged acts of malpractice. Therefore, appellants' claims for malpractice accrued, and the statute of limitations began to run, more than four years before they filed suit. That appellants may have suffered additional damages after March 1, 1987, including the loss of the Big Springs Ranch, does not affect the date(s) on which their claims for malpractice accrued. Because appellants failed to bring suit within four years of the accrual of their malpractice claims, the district court properly entered summary judgment in favor of Jones, Waldo on those claims.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Ruggero J. Aldisert
Senior Circuit Judge