UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 8/26/96**

---

UNITED STATES OF AMERICA,               )
                                        )
          Plaintiff-Appellee,           )
     v.                                 )     No. 95-2254
                                        )     (D.C. No. 95-086)
DULCES CARDENAS-TARANGO,                )     (D. of New Mexico)
                                        )
          Defendant-Appellant.          )

---

ORDER AND JUDGMENT[*]

---

Before TACHA, REAVLEY[**] and LUCERO, Circuit Judges.

---

A jury found Cardenas guilty of possession with intent to distribute not less than 50 kilograms of marijuana. 21 U.S.C. §§ 2, 841(a)(1) and 841(b)(1)(D). He was sentenced to 27 months of imprisonment and three years of supervised release. Cardenas appeals two evidentiary issues from his trial. We will affirm.

Through a series of fortuitous events federal border patrol officers discovered that Cardenas and an unidentified passenger

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Thomas M. Reavley, United States Court of Appeals, Fifth Circuit, sitting by designation.

in Cardenas's truck were in a "lead" vehicle attempting to thwart border agents and transport 50 kilograms of marijuana west. The marijuana was contained in a second vehicle, following Cardenas at some distance. Apparently a common practice, the idea was for the two automobiles to travel together with the drugs in the second vehicle. If they approached an active border patrol station, the first vehicle would warn the second vehicle either by returning to a fixed point or by contacting the other vehicle by radio or phone. Shortly after Cardenas and his passenger successfully passed through the border checkpoint, a truck driver notified border patrol agents at the checkpoint that a maroon vehicle had turned around on the freeway. Believing that this may be a vehicle attempting to avoid the checkpoint, several agents went to investigate. After searching unsuccessfully for the maroon car, the border agents discovered that Cardenas's vehicle had turned around on the freeway sometime after passing through the checkpoint. Suspicious of Cardenas's actions, an agent in an unmarked car followed Cardenas. Cardenas briefly pulled into a rest area, and when he exited, a Maroon car was following him. By the time Cardenas and the maroon car were stopped, Cardenas's passenger was nowhere to be found.

At trial the driver of the maroon vehicle fingered Cardenas and the unidentified passenger as the men who had promised to pay him $1000 to drive the vehicle. Cardenas, however, contended that his passenger had asked him for a ride, and that he had no

knowledge of the existence of the maroon vehicle which had been following him. Cardenas testified that the reason he had turned around after passing through the border station was that the passenger had been ill during the trip, and that after passing through the border checkpoint the passenger had expressed a desire to return to El Paso, Texas. The jury chose not to believe Cardenas.

Cardenas appeals two evidentiary rulings. He asserts that both were crucial to his defense, that is, that the passenger, and not Cardenas was the mastermind behind the smuggling of the marijuana. We review the trial court's evidentiary rulings for an abuse of discretion. United States v. Gonzales-Acosta, 989 F.2d 384, 388-89 (10th Cir.1993). We will address each evidentiary ruling in turn.

Cardenas attempted to illustrate that he was poor and that he did not have sufficient funds to be a drug "kingpin" involved in the transportation of approximately $85,000 in marijuana. To support this contention, Cardenas offered a photograph of the exterior of his home, testimony from his landlord concerning the amount of rent he paid, and his delay in making those rent payments. However, when Cardenas attempted to introduce photographs of the interior of his apartment, the court sustained the government's objection. The district court determined that the photographs were more prejudicial than their limited

3

probative value. Fed. R. Crim. Evid. 403. As the district court pointed out, this may very well have been Cardenas's first drug transaction. Nevertheless, to the extent that it is relevant, the district court did not abuse its discretion in refusing to admit those photographs.

Next, Cardenas asserts that the trial court erred in not permitting his "cultural expert" to testify. Cardenas called Felipe Peralta to the stand to testify concerning the behavior of "poor Mexicans" when confronted by police. The evidence appears to have been offered to explain Cardenas's exchange with officers just before he was arrested. During that exchange, Cardenas appeared "nervous" and he apparently changed his story several times. The district court excluded the expert's testimony under Rule 403. We note that it does not take a cultural expert to explain to a jury that an individual may act nervous when he speaks with an officer, or that some individuals may attempt to give an answer that they believe the officer desires to hear. This is even more true when a defendant takes the stand and has the ability to explain why he acted this way to the jury. "[W]here as here expert testimony is offered on an issue that a jury is capable of assessing for itself, it is plainly within the trial court's discretion to rule that testimony inadmissible because it would not even marginally 'assist the trier of fact' . . . ." Thompson v. State Farm Fire and Cas. Co., 34 F.3d 932, 941

(10th Cir. 1994).  A "cultural expert" offers little aid to the jury's decision regarding Cardenas's credibility in this case,

therefore, the district court did not abuse its discretion in excluding the evidence.

AFFIRMED.

Entered for the Court

Thomas M. Reavley
Circuit Judge