UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 8/26/96**

---

UNITED STATES OF AMERICA, )
)
      Plaintiff-Appellee, )
)
  v. ) No. 95-2252
) (D.C. No. CR 95-18)
HARLAN KEITH LYSTER, ) (D. of New Mexico)
)
      Defendant-Appellant. )

---

ORDER AND JUDGMENT[*]

---

Before TACHA, REAVLEY[**] and LUCERO, Circuit Judges.

Appellant Harlan Lyster's only complaint on appeal is that the district court erred in excluding evidence of a crime committed by William Noble in 1986. Lyster's defense was coercion or duress by Noble. He admitted participating with Noble in the 1994 bank robbery for which he was convicted below.

We review rulings excluding evidence for abuse of discretion, and reverse only if the exclusion is so significant that it results in actual prejudice, meaning that it had a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Thomas M. Reavley, United States Court of Appeals, Fifth Circuit, sitting by designation.

substantial and injurious effect or influence on the jury's verdict.  <u>United States v. Martinez</u>, 76 F.3d 1145, 1148 (10th Cir. 1996).

The court did allow the jury to know that Noble had robbed another bank after the robbery for which Lyster was on trial. The jury heard Lyster's testimony that he participated in the bank robbery because he was afraid of being shot by Noble.  The court also allowed the introduction of the criminal information, judgment and sentence relating to Noble's 1986 conviction.

Lyster however argues that the testimony from the victim and prosecutor of the 1986 crime he wanted to offer would have shown that Noble had requested a man named David Gonzalez to come to a residence, and that Noble and others then beat up Gonzalez, claiming he was a "narc."  Noble, armed with a handgun, then drove Gonzalez around and eventually threw him out of the car, threatening to kill him and his mother if he went to the authorities.

The district court reasoned that this evidence was only relevant to the extent that Lyster was aware of it at the time he allegedly was coerced by Noble into participating in the bank robbery.  The jury was allowed to hear Lyster's testimony that he knew of Noble's criminal record and time in prison, and was offered documentary proof that Noble had been convicted of aggravated battery with a deadly weapon, and sentenced to prison. Lyster fails to show that he knew the particulars of this incident.  He was only prepared to testify, according to his

trial counsel, "that he had been told that Mr. Noble had a conviction for assault or battery and that he had done time in the penitentiary.  He was not aware of the particulars of the incident itself."  He in fact testified only that he had been told to be careful with Noble "because he had been in prison for aggravated battery or assault and battery or something of that sort."

Lyster argues that his state of mind aside, the evidence was admissible under FED. R. EVID. 404(b) to show Noble's plan, opportunity, and intent to coerce Lyster.  However, there was little similarity between the 1994 bank robbery and the 1986 assault.  The 1986 incident did not involve an effort by Noble to coerce another into committing a criminal act with him.  Further, the 1986 incident did not involve armed robbery, but an assault where Noble and other assailants punched and kicked Gonzalez, and beat him with baseball bats and sticks.  Given the dissimilarity in the two incidents, we cannot say that the district court abused its discretion in excluding the proffered testimony.  See United States v. Puckett, 692 F.2d 663, 671 (10th Cir.), cert. denied, 459 U.S. 1091 (1982).

AFFIRMED.


Entered for the Court

Thomas M. Reavley
Circuit Judge